SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

MERRY JEAN CHAN (CASBN 229254)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Fl.
    San Francisco, CA 94102
    Telephone: (415) 436-6750
    Facsimile: (415) 436-6470
    Email: merry.chan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ERIC BORGERSON,<br><br>    Defendant. | No. CR 07-0472 MJJ<br><br>**EX PARTE MOTION AND [PROPOSED] ORDER TO STAY NOVEMBER 19, 2007 ORDER MODIFYING PRETRIAL RELEASE CONDITIONS** |

    This morning, this Court granted the defendant's motion to modify his pretrial release conditions such that he may take a 3-day roadtrip to Desert Hot Springs over the Thanksgiving holiday. The defendant's motion was in blatant violation of the local rules. Local Rule 47-2 specifically requires that all motions be noticed fourteen days in advance, in part to provide the opposing party a fair opportunity to respond. Thanksgiving is a national holiday. It recurs every year, and its occurrence is eminently predictable. There was no reason why the defendant could not have complied with this standard rule in this case. Even Local Rule 47-3, which provides for shortened notice in ex parte motions where good cause is shown, requires that a movant give the opposing party reasonable advance notice of the motion.

1   The defendant did not give the United States any reasonable advanced notice of his
2 motion.  The first time defense counsel mentioned anything about the defendant wanting
3 to leave town for Thanksgiving was in a voice mail to me yesterday afternoon– less than
4 24 hours before the hearing.  As it happened, undersigned counsel was on sick leave at
5 the time and did not receive the message until the hearing had already occurred and this
6 Court had granted the requested modification.  Defense counsel made no attempt to find
7 out whether undersigned counsel could make today's hearing, and there was no
8 opportunity for the duty AUSA to be briefed on the issues so that she could adequately
9 represent the United States's position on the matter.  To the extent that defense counsel
10 represented to this Court the government's position on its motion, it was speculative
11 because there was no prior discussion.
12   The defendant's violation of the local rules greatly prejudices the United States.
13 The government never had an opportunity to state the reasons for its objections on the
14 record, or to argue for restrictions (e.g., having the visit be shorter, note for the record that
15 there is no evidence that the defendant is in any way qualified to handle plumbing tasks
16 for his mother, having him be monitored by GPS) that would have helped to ensure public
17 safety or allay concerns about risk of flight.  A federal grand jury has found probable
18 cause to exist that this defendant distributed child pornography.  The government's case is
19 tight, and the evidence shows that the defendant encouraged another person's sexual
20 gratification by sending him videos, that he simultaneously viewed, of young children
21 being molested, raped, humiliated, harmed for life.  Studies have shown a high correlation
22 between such conduct with child pornography and actual contact with children.  The
23 defendant faces a five-year mandatory minimum sentence.  Congress has found that
24 individuals like Borgerson are of such concern that their detention should be presumed.
25 *See* 18 U.S.C. § 3142(e).  In this case, over the government's strenuous objections, the
26 defendant is out on pretrial release, with generous access to the Internet, and now, leave
27 to make a roadtrip to a vacation destination with his domestic partner as well.
28 //

For issues related both to due process and the public safety, the United States respectfully asks this Court to immediately stay its order permitting the defendant to drive to Desert Hot Springs this evening. Defense counsel has been put on notice of this impending motion. For the foregoing reasons, the United States also requests that this motion be filed ex parte in the sense that it be considered and decided in less than the normal amount of time allowed under the local rules. Good cause for the short notice exists because the United States had no real opportunity to respond or oppose the defendant's untimely motion for modification of pretrial release conditions, the order was issued this morning at 10 a.m., and the defendant intends to depart for his vacation this evening.

Dated: November 19, 2007            SCOTT N. SCHOOLS
                                    United States Attorney

                                         /s/
                                    _____
                                    MERRY JEAN CHAN
                                    Assistant United States Attorney

**[PROPOSED] ORDER**

For good cause shown, the Court hereby GRANTS the United States' request to file an ex parte motion to stay this Court's November 19, 2007 order modifying defendant Eric Borgerson's pretrial release conditions, for immediate determination, and without the amount of advance notice which is otherwise required by statute, federal rule, or local rule, as authorized by Crim. L. R. 47-3.

For good cause shown, IT IS HEREBY ORDERED that this Court's order of November 19, 2007 modifying defendant's pretrial release conditions be stayed.

Dated:_____      _____
                              HON. WAYNE D. BRAZIL
                              United States Magistrate Judge