1  SCOTT N. SCHOOLS (SCSBN 9990)
   United States Attorney
2
3  BRIAN J. STRETCH (CABN 163973)
   Chief, Criminal Division
4  MERRY JEAN CHAN (CASBN 229254)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, 11th Fl.
6     San Francisco, CA 94102
      Telephone: (415) 436-6750
7     Facsimile: (415) 436-6470
      Email: merry.chan@usdoj.gov
8
   Attorneys for Plaintiff
9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                          OAKLAND DIVISION

13  UNITED STATES OF AMERICA,       )   No. CR 07-0472 MJJ
                                    )
14          Plaintiff,               )   **EX PARTE MOTION AND**
                                    )   **[PROPOSED] ORDER TO STAY**
15      v.                          )   **NOVEMBER 19, 2007 ORDER**
                                    )   **MODIFYING PRETRIAL RELEASE**
16  ERIC BORGERSON,                 )   **CONDITIONS**
                                    )
17          Defendant.               )
                                    )
18

19          This morning, this Court granted the defendant's motion to modify his pretrial

20  release conditions such that he may take a 3-day roadtrip to Desert Hot Springs over the

21  Thanksgiving holiday. The defendant's motion was in blatant violation of the local rules.

22  Local Rule 47-2 specifically requires that all motions be noticed fourteen days in

23  advance, in part to provide the opposing party a fair opportunity to respond.

24  Thanksgiving is a national holiday. It recurs every year, and its occurrence is eminently

25  predictable. There was no reason why the defendant could not have complied with this

26  standard rule in this case. Even Local Rule 47-3, which provides for shortened notice in

27  ex parte motions where good cause is shown, requires that a movant give the opposing

28  party reasonable advance notice of the motion.

1     The defendant did not give the United States any reasonable advanced notice of his motion. The first time defense counsel mentioned anything about the defendant wanting to leave town for Thanksgiving was in a voice mail to me yesterday afternoon– less than 24 hours before the hearing. As it happened, undersigned counsel was on sick leave at the time and did not receive the message until the hearing had already occurred and this Court had granted the requested modification. Defense counsel made no attempt to find out whether undersigned counsel could make today's hearing, and there was no opportunity for the duty AUSA to be briefed on the issues so that she could adequately represent the United States's position on the matter. To the extent that defense counsel represented to this Court the government's position on its motion, it was speculative because there was no prior discussion.

    The defendant's violation of the local rules greatly prejudices the United States. The government never had an opportunity to state the reasons for its objections on the record, or to argue for restrictions (e.g., having the visit be shorter, note for the record that there is no evidence that the defendant is in any way qualified to handle plumbing tasks for his mother, having him be monitored by GPS) that would have helped to ensure public safety or allay concerns about risk of flight. A federal grand jury has found probable cause to exist that this defendant distributed child pornography. The government's case is tight, and the evidence shows that the defendant encouraged another person's sexual gratification by sending him videos, that he simultaneously viewed, of young children being molested, raped, humiliated, harmed for life. Studies have shown a high correlation between such conduct with child pornography and actual contact with children. The defendant faces a five-year mandatory minimum sentence. Congress has found that individuals like Borgerson are of such concern that their detention should be presumed. *See* 18 U.S.C. § 3142(e). In this case, over the government's strenuous objections, the defendant is out on pretrial release, with generous access to the Internet, and now, leave to make a roadtrip to a vacation destination with his domestic partner as well.

//

1  For issues related both to due process and the public safety, the United States
2 respectfully asks this Court to immediately stay its order permitting the defendant to drive
3 to Desert Hot Springs this evening. Defense counsel has been put on notice of this
4 impending motion. For the foregoing reasons, the United States also requests that this
5 motion be filed ex parte in the sense that it be considered and decided in less than the
6 normal amount of time allowed under the local rules. Good cause for the short notice
7 exists because the United States had no real opportunity to respond or oppose the
8 defendant's untimely motion for modification of pretrial release conditions, the order was
9 issued this morning at 10 a.m., and the defendant intends to depart for his vacation this
10 evening.

12 Dated: November 19, 2007         SCOTT N. SCHOOLS
                                    United States Attorney

                                         /s/
                                    _____
                                    MERRY JEAN CHAN
                                    Assistant United States Attorney

**[PROPOSED] ORDER**

For good cause shown, the Court hereby GRANTS the United States' request to file an ex parte motion to stay this Court's November 19, 2007 order modifying defendant Eric Borgerson's pretrial release conditions, for immediate determination, and without the amount of advance notice which is otherwise required by statute, federal rule, or local rule, as authorized by Crim. L. R. 47-3.

For good cause shown, IT IS HEREBY ORDERED that this Court's order of November 19, 2007 modifying defendant's pretrial release conditions be stayed.

Dated:_____          _____
                                  HON. WAYNE D. BRAZIL
                                  United States Magistrate Judge