**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    The warrantless search and seizure of Mr. Borgerson's work-issued
           laptop computer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.    The subsequent warrant searches and seizures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      C.    UCB's policies about the privacy of electronic communications . . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      A.    Hiramoto searched Mr. Borgerson's laptop computer . . . . . . . . . . . . . . . . . . . . . . 11

      B.    Hiramoto's search was government action subject to Fourth Amendment
           limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      C.    Mr. Borgerson had a reasonable expectation of privacy in his work-issued
           laptop computer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      D.    The warrantless search of Mr. Borgerson's laptop computer was
           not reasonable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16