# Exhibit L

IN THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA, WILEY W. MANUEL COURTHOUSE

State of California

County of Alameda

**SEARCH WARRANT**

Register No.

Arrest No.

The People of the State of California, to:

**ANY PEACE OFFICER IN ALAMEDA COUNTY**
Proof of affidavit, having been made before me on this date by Detective Jason Collom,
University of California Police Department in Berkeley, that there is probable and
reasonable cause for the issuance of the search warrant, as set forth in the said affidavit.

*YOU ARE THEREFORE ORDERED to make search in:*

THE PREMISES known as University of California, Berkeley Police Department,
Evidence Storage located at 1 Sproul Hall #1199, Berkeley, CA 94720 in the County of
Alameda.  The evidence booked under UCPD case number 06-04946, using property
control numbers of E48-1-1, E48-2-1, and E48-3-1, and consists of a black Dell PP01L
laptop computer with a serial number of HPV9T01, a 2 piece power cord for the
computer, and a PNY 512MB compact flash media card.

**For the following property and things consisting of:**

1) Child Pornography stored in any form including but not limited to electronic
   format as computer files, portable disk(s), hard-drives and thumb-drives, media
   cards
2) Any electronic documents, records, mail, instant messages that tend to establish
   the transfer and sharing of Child Pornography
3) Any electronic documents, records, mail, or photographs that tend to show the
   identity of the other principals to this crime
4) Any documents, or records that tend to establish Eric Michael Borgerson's
   possession of the computer

**Your affiant says that there is a probable and reasonable cause to believe and that
he does believe that the said property constitutes: (check applicable boxes)**

( )    stolen or embezzled property and

( X )    property or things used as the means of committing a felony and

( X )    property or things in the possession of a person with the intent to use it as a
means of committing a public offense, or in the possession of another to whom
he or she may have delivered it for the purpose of concealing it or preventing its
being discovered and

BORGERSON0054

( X )    property or things to be seized consist of any item or constitutes any evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony

( X )    property or things to be seized consist of evidence which tends to show that sexual exploitation of a child, in violation of 311.3 PC; has occurred or is occurring.

And if you find the same or any part thereof, to bring it forthwith before me or this court, or to any other court in which the offense in respect to which the property or things taken is triable, or retain such property in your custody, subject to the order of this court pursuant to section 1536 of the Penal Code.


Time of Issuance: _11:05a.m_

_____
Signature of Magistrate


Dated: _NOV 0 1 2006_

(Seal)

    Penal Code && 840, 1527, 1529, 1534, 1536, 1551, 1541

## IN THE SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA, WILEY W. MANUEL COURTHOUSE

State of California

County of Alameda

**AFFIDAVIT FOR SEARCH WARRANT**

Register No.

Arrest No.

Detective Jason Collom, University of California Police Department at Berkeley, being sworn, says: that there is probable and reasonable cause to believe, and I do believe, that there is now in:

THE PREMISES known as University of California, Berkeley Police Department, Evidence Storage located at 1 Sproul Hall #1199, Berkeley, CA 94720 in the County of Alameda. The evidence booked under UCPD case number 06-04946, using property control numbers of E48-1-1, E48-2-1, and E48-3-1, and consists of a black Dell PP01L laptop computer with a serial number of HPV9T01, a 2 piece power cord for the computer, and a PNY 512MB compact flash media card.

**The following property and things consisting of:**

1) Child Pornography stored in any form including but not limited to electronic format as computer files, portable disk(s), hard-drives and thumb-drives, media cards

2) Any electronic documents, records, mail, instant messages that tend to establish the transfer and sharing of Child Pornography

3) Any electronic documents, records, mail, or photographs that tend to show the identity of the other principals to this crime

4) Any documents, or records that tend to establish Eric Michael Borgerson's possession of the computer

Your affiant says that there is a probable and reasonable cause to believe and that he does believe that the said property constitutes: (check applicable boxes)

(  )  stolen or embezzled property and

( X )  property or things used as the means of committing a felony and

( X )  property or things in the possession of a person with the intent to use it as a means of committing a public offense, or in the possession of another to whom he or she may have delivered it for the purpose of concealing it or preventing its being discovered and

( X )  property or things to be seized consist of any item or constitutes any evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony

BORGERSON0056

( X )    property or things to be seized consist of evidence which tends to show that sexual exploitation of a child, in violation of 311.3 PC, has occurred or is occurring.

*Your affiant says that the facts in support of the issuance of the search warrant are as follows:*

### Affiant Introduction

1    Your affiant is currently employed as a peace officer with the University of California Police Department on the Berkeley campus and has been working in that capacity since 1998. Your affiant has served as a Corporal of Police and a Field Training Officer in the Patrol Division. Your affiant has worked as a criminal investigator in the Alameda County Sexual Assault Felony Enforcement Task Force, where he investigated, tracked, and conducted surveillances on registered sex offenders including child molesters who possessed child pornography. Your affiant is now a Special Victims Detective assigned to the UCPD Criminal Investigations Bureau, and holds a POST Institute of Criminal Investigation Sexual Assault Investigator's Certificate.

2    Your affiant has investigated over two dozen sex registrant, rape, sexual abuse, child kidnapping, and child abuse cases, written search warrants and court orders and received formal and informal training including:

-    POST Basic Academy, ACSO, 1050 hours in 1998
-    California Sexual Assault Investigators Association Fall Training, 28 hours in 2001
-    California Sexual Assault Investigators Association "Sexual Deviance", 8 hours in 2001
-    California Sexual Assault Investigators Association Fall Training, 28 hours in 2002
-    POST Field Training Officer Course, 40 hours in 2002
-    POST ICI Identity Theft Investigation, 40 hours in 2004
-    POST ICI Sexual Assault Investigation, 40 hours in 2004
-    POST ICI Core Investigation, 85 hours in 2005
-    POST ICI Child Abuse Investigation, 40 hours in 2005
-    POST ICI Domestic Violence Investigation, 40 hours in 2005
-    POST Search Warrants Course, 24 hours in 2005

### Case Background

3    On 10/29/06 at 1443 hours, Officer Wykoff #48 took a report of suspected child pornography case from Robert Hiramoto (UCPD case #06-04946). Hiramoto told the officer that he was the IT Manager for the Institute of Industrial Relations, located at 2521 Channing Way. Hiramoto said that he was notified by the UCB campus networking group of a large amount of computer bandwidth being used on 10/27/06. Hiramoto was able to investigate the usage from his work computer and was able to tell that the bandwidth usage was caused by a file sharing program called BearShare, located on the university issued laptop computer of

BORGERSON0057

an employee, Eric Michael Borgerson. Hiramoto logged into Borgerson's university issued laptop computer user account and saw several video file icons on it with "inappropriate, adult sounding names", such as "9 year old rape," and a few others. Upon further investigation, Hiramoto said he was able to find a computer file directory which showed thumbnail images of video files which appeared to have children participating in sexual acts with adults. Hiramoto said he decided to not look any further from that point. Hiramoto took several "screen shots" of the images and shutdown Borgerson's university issued laptop computer remotely.

4    The officer asked Hiramoto if it was possible that someone else had put the images and movies onto Borgerson's university issued laptop computer. Hiramoto told Officer Wyckoff that the employees in his department have University issued computers and that they have to use their "Calnet ID and Passphrase" to logon. Hiramoto told me that the "Calnet ID and Passphrase" is specific to each employee and as far as he could tell, it was Borgerson who put the images and movies onto the computer.

5    Officer Wyckoff drove with Hiramoto to 2521 Channing Way in Berkeley to view the images he saved from Borgerson's university issued laptop computer. Hiramoto showed the officer four digital images of what he found on Borgerson's university issued laptop computer. Image #1 showed that Borgerson was logged into the computer at the time. Image #2 showed a computer directory on Borgerson's university issued laptop called "C:\WINDOWS\xerxes\system" that contained a video file called "g-rape.avi." Image #3 showed the BearShare files that were downloaded that included movie files such as "BEST ! 6yo and dad.mpg," "3Yo molested by hindu.mpg," "bondage 11yo.mpg," "Carol 6yo child-cum.mpg," and "+1s BabyJmouthfull pthc kid porn cum suck dick kiddy.mpg." Image #4 showed 5 "thumbnail" images from video files saved on Borgerson's university issued laptop computer. The movie files were called "bath.avi," "blow.mpg," "rpe.mpg," "showersuck.mpg," and "TMPbibcam – 13 boy's Dad sneaks in for mut..."

6    Officer Wyckoff had Hiramoto print the digital images and took them as evidence. Hiramoto then took the officer to Borgerson's university laptop computer and he seized it as evidence along with the power cable and a digital media card with card reader that Hiramoto said was not issued by his department and may have belonged to Bogerson.

## Investigation

7    On 10/30/06, I was assigned to investigate this case. I examined four copies of the screen shots from Borgerson's computer and I saw that he was logged onto his computer on 10/27/06 at 1604 hours. The next screen showed file names in Windows, and the next was a screen shot from BearShare Pro 5.2.1 which contained files with words such as "bondage 11yo...Carol 6yo child-cum...BabyJ mouthful pthc kid porn cum suck dick kiddy...BabyJ-Ass-Fuck..." The last copy of the screenshot contained five thumbnail photographs, one of which showed an obvious child, naked, handling a man's penis. That photograph was titled

BORGERSON0058

"showersuck.mpg". Another thumbnail contained a photograph of another obvious child orally copulating a man. That thumbnail was titled "blow.mpg".

## Opinions and Conclusions

8    Based on my training, experience and conversations that I have had with other law enforcement officers and reports that I have read, I am aware that the following characteristics are generally found in varying combinations in people who produce, trade, distribute or possess images and pictures of minors engaged in sexually explicit conduct:

9    These people view children as sexual objects. They receive gratification from sexually explicit images and pictures of minors. They collect sexually explicit images and pictures of minors, which they use for sexual gratification and fantasy. They rarely, if ever, dispose of sexually explicit images of minors because the images are treated as prized possessions. They store such images in many different formats including photographs, printouts, magazines, videotapes, and many other forms of digital media such as hard drives, diskettes, CDs and DVDs and other storage deveices. They store the images in many different locations such as their home, their vehicle, their work areas, and other areas under their control.

10    They use sexually explicit images and pictures of minors as a means of reliving fantasies or actual sexual encounters. They use the images as keepsakes and as a means of gaining acceptance, status, trust, and psychological support by exchanging, trading, or selling the images and pictures to other people with similar interests.

11    They may go to great lengths to conceal and protect from discovery their collection of sexually explicit images and pictures of minors. They may have passwords to access programs or control encryption written either in the vicinity of their computer, or on their person, for instance in their wallet or address book.

12    They maintain images and pictures of minors with whom they have had sexual contact. If such a person takes a picture of a minor, depicting the minor in the nude, there is a high probability that the minor was used to produce sexually explicit images.

13    I believe that the items listed in the search warrant will likely be found at the premises known as University of California, Berkeley Police Department, Evidence Storage located at 1 Sproul Hall #1199, Berkeley, CA 94720 in the County of Alameda. The evidence booked under UCPD case number 06-04946, using property control numbers of E48-1-1, E48-2-1, and E48-3-1, and consists of a black Dell PP01L laptop computer with a serial number of HPV9T01, a 2 piece power cord for the computer, and a PNY 512MB compact flash media card.

Any item seized during the lawful service of this search warrant shall be disposed in accordance with law by the University of California Police Department upon adjudication of the case.

BORGERSON0059

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

WHEREFORE, affiant prays that a search warrant be issued, based upon the above facts, for the seizure of said property or any part thereof.

Subscribed and sworn to before me on _____ 11/1/06 _____    11:05 a.m.
                                                          Date

_____
Signature of Affiant

_____
Signature of Magistrate

5

BORGERSON0060

# Exhibit M

```
┌──────────────────────────────────────────────────────────────┐
│         UNIVERSITY OF CALIFORNIA POLICE DEPARTMENT             │
│                      One Sproul Hall                           │
│                   Berkeley, CA  94720                          │
│                     (510) 642-6760                             │
├──────────────────────────────────────────────────────────────┤
│                   SUPPLEMENTAL REPORT                          │
│                   ▓▓▓▓▓▓▓▓▓▓▓▓▓                               │
└──────────────────────────────────────────────────────────────┘
```

**OFFENSES:**

22 Counts            *311.3 PC – Sexual Exploitation of a Child, Knowingly Exchanging a Media that Depicts a Person Under the Age of 18 Engaged in an Act of Sexual Conduct*

18 Counts            *311.11PC – Possession of Child Pornography*

**CONTACTS:**
Evelio Grillo, Superior Court Judge
Wiley Manual Courthouse, 661 Washington Street, Oakland, CA 94607

Sherree Wiezer, Manager
Property and Evidence, UCPD, 1 Sproul Hall #1199, Berkeley, CA 94720
(▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓



Nicole Miller, Programmer Analyst
Information Systems, UCPD, 1 Sproul Hall #1199, Berkeley, CA 94720
▓▓▓▓▓▓▓▓▓▓▓▓▓



**NARRATIVE:**
On 11/01/06 at 1105 hours, Judge Evelio Grillo issued a search warrant directing any peace officer in Alameda County to search the premises known as University of California, Berkeley Police Department, Evidence Storage located at 1 Sproul Hall #1199, Berkeley, CA 94720 in the County of Alameda.  The evidence booked under UCPD case number 06-04946, using property control numbers of E48-1-1, E48-2-1, and E48-3-1, and consisted of a black Dell PP01L laptop computer with a serial number of HPV9T01, a 2 piece power cord for the

| Reporting Detective:▓▓▓▓▓▓▓ | Date: 11/30/06 |
|---|---|
| Reviewed By: ___ 5·4 | Date: 11-30-06 |
| Copies To: ▓▓ DA 5·24·24 | |

**UNIVERSITY OF CALIFORNIA POLICE DEPARTMENT**
**One Sproul Hall**
**Berkeley, CA 94720**
**(510) 642-6760**

**SUPPLEMENTAL REPORT**

computer, and a PNY 512MB compact flash media card.  For the following property and things consisting of:

1)    Child Pornography stored in any form including but not limited to electronic format as computer files, portable disk(s), hard-drives and thumb-drives, media cards
2)    Any electronic documents, records, mail, instant messages that tend to establish the transfer and sharing of Child Pornography
3)    Any electronic documents, records, mail, or photographs that tend to show the identity of the other principals to this crime
4)    Any documents, or records that tend to establish Eric Michael Borgerson's possession of the computer

On 11/02/06 at 1405 hours, I served Sherree Wiezer, the Property and Evidence Manager at UCPD with the search warrant.  Wiezer stated that she would retrieve the property from evidence.  At 1430 hours, I took custody of the above evidence, and signed them over to Nicole Miller at 1500 hours.

On 11/30/06, Analyst Miller provided me with the computer forensic report (attached).  In her search, she found eighteen (18) video files of suspected child pornography and she included the dates of their download/transfer.  The analyst also found an internet chat log documenting Borgerson's conversation with another pedophile and transferring four (4) child pornography video files from the University computer.

Based on Analyst Miller's computer forensic report, I request to amend the charges to twenty-two (22) counts of *311.3 PC – Sexual Exploitation of a Child, Knowingly Exchanging a Media that Depicts a Person Under the Age of 18 Engaged in an Act of Sexual Conduct,* and eighteen (18) counts of *311.11PC – Possession of Child Pornography.*

**ATTACHMENT:**
Computer Forensics Report

| | |
|---|---|
| **Reporting Detective:** ████████ | **Date:** 11/30/06 |
| **Reviewed By:** ⟋⟍ | **Date:** |
| **Copies To:** | |

# Exhibit N

Compose  Addresses  Folders  Options  Search  Help  Shares                   **Sign Out**

Viewing a text attachment - <u>View message</u>
<u>Download this as a file</u>

**This image has been
removed for security
reasons.**

---

<u>BILink Home</u> • <u>Policies</u> • <u>CalMail Home</u> • <u>Home IP</u> • <u>SHIPS</u> • <u>LIPS</u> • <u>Directory Update</u>

# Policies for calmail.berkeley.edu

You must read and agree to abide by the following policies in order to create a
calmail.berkeley.edu account:

- UC Electronic Communications Policy
  The policy governing use of email at all campuses of the University of California.
- UC Berkeley Computer Use Policy:
  The policy specifying appropriate use of computers at UC Berkeley.
- CalMail Use Policies:
  The policies specifying additional requirements for appropriate use of CalMail.

                Please type "yes" if you
          have read and agree to abide
                      by the policies:      [       ]   [ Submit Query ]

<u>Questions? Comments?</u>
URL: <https://bilink.berkeley.edu:10100//cgi-bin/uclink_policy.pl>. Form revised
Thu Aug 25 16:45:43 2005.

---

<u>UCB Home</u> • <u>UCB Computing</u> • <u>UCB Residential Computing</u> • <u>Connecting@Berkeley</u>

BORGERSON0072

# Exhibit O



Home > Campuswide IT Policy and Privacy > Campus IT Policies > Computer Use Policy

**Campuswide IT Policy and Privacy**

Campus IT Policies

   Computer Use Policy

Privacy and Confidentiality

Campus Implementation of UC
Electronic Communications
Policy

Copyright Resources


Printer Friendly View

# Computer Use Policy



Rights and Responsibilities
Existing Legal Context
Examples of Misuse
Additional Use Policies
Appropriate Use   Enforcement
General Information
Reporting Misuse

In support of the University's mission of teaching, research, and public service, the University of California, Berkeley provides computing, networking, and information resources to the campus community of students, faculty, and staff.

## Rights and Responsibilities

Computers and networks can provide access to resources on and off campus, as well as the ability to communicate with other users worldwide. Such open access is a privilege, and requires that individual users act responsibly. Users must respect the rights of other users, respect the integrity of the systems and related physical resources, and observe all relevant laws, regulations, and contractual obligations.

Students and employees may have rights of access to information about themselves contained in computer files, as specified in federal and state laws. Files may be subject to search under court order. In addition, system administrators may access user files as required to protect the integrity of computer systems. For example, following organizational guidelines, system administrators may access or examine files or accounts that are suspected of unauthorized use or misuse, or that have been corrupted or damaged.

## Existing Legal Context

All existing laws (federal and state) and University regulations and policies apply, including not only those laws and regulations that are specific to computers and networks, but also those that may apply generally to personal conduct.

BORGERSON0079

Misuse of computing, networking, or information resources may result in the restriction of computing privileges. Additionally, misuse can be prosecuted under applicable statutes. Users may be held accountable for their conduct under any applicable University or campus policies, procedures, or collective bargaining agreements. Complaints alleging misuse of campus computing and network resources will be directed to those responsible for taking appropriate disciplinary action. Reproduction or distribution of copyrighted works, including, but not limited to, images, text, or software, without permission of the owner is an infringement of U.S. Copyright Law and is subject to civil damages and criminal penalties including fines and imprisonment.

## Examples of Misuse

Examples of misuse include, but are not limited to, the activities in the following list.

- Using a computer account that you are not authorized to use. Obtaining a password for a computer account without the consent of the account owner.
- Using the Campus Network to gain unauthorized access to any computer systems.
- Knowingly performing an act which will interfere with the normal operation of computers, terminals, peripherals, or networks.
- Knowingly running or installing on any computer system or network, or giving to another user, a program intended to damage or to place excessive load on a computer system or network. This includes but is not limited to programs known as computer viruses, Trojan horses, and worms.
- Attempting to circumvent data protection schemes or uncover security loopholes.
- Violating terms of applicable software licensing agreements or copyright laws.
- Deliberately wasting computing resources.
- Using electronic mail to harass others.
- Masking the identity of an account or machine.
- Posting materials on electronic bulletin boards that violate existing laws or the University's codes of conduct.
- Attempting to monitor or tamper with another user's electronic communications, or reading, copying, changing, or deleting another user's files or software without the explicit agreement of the owner.

Activities will not be considered misuse when authorized by appropriate University officials for security or performance testing.

BORGERSON0080

## Additional Use Policies

The Computer Use Policy applies to use of all Berkeley Campus computing resources. Additional computer and network use policies and terms and conditions may be in place for specific electronic services offered by the campus.

In particular, the CalMail and Home IP services, as well as the Microcomputer Facilities, have additional policies that govern use of these services. The University of California Electronic Communications Policy applies to the use of UC computers and networks for electronic communications. You must familiarize yourselves with any of these when you agree to use these services.

## Appropriate Use

UC Berkeley extends to students, faculty, and staff the privilege to use its computers and network. When you are provided access to our campus network, you are enabled to send and receive electronic mail messages around the world, share in the exchange of ideas through electronic news groups, and use Web browsers and other Internet tools to search and find needed information.

The Internet is a very large set of connected computers, whose users make up a worldwide community. In addition to formal policies, regulations, and laws which govern your use of computers and networks, the Internet user community observes informal standards of conduct. These standards are based on common understandings of appropriate, considerate behavior which evolved in the early days of the Internet, when it was used mainly by an academic and highly technical community. The Internet now has a much wider variety of users, but the early codes of conduct persist, crossing boundaries of geography and government, in order to make using the Internet a positive, productive, experience. You are expected to comply with these informal standards and be a "good citizen" of the Internet.

## Enforcement

Penalties may be imposed under one or more of the following: University of California regulations, UC Berkeley regulations, California law, or the laws of the United States.

Minor infractions of this policy or those that appear accidental in nature are typically handled informally by electronic mail or

BORGERSON0081

in-person discussions. More serious infractions are handled via formal procedures. In some situations, it may be necessary to suspend account privileges to prevent ongoing misuse while the situation is under investigation.

Infractions by students may result in the temporary or permanent restriction of access privileges, notification of a student's academic advisor and/or referral of the situation to the Office of Student Judicial Affairs. Those by a faculty or staff member may result in referral to the department chairperson or administrative officer.

Offenses which are in violation of local, state, or federal laws may result in the restriction of computing privileges, and will be reported to the appropriate University and law enforcement authorities.

## General Information

For clarification of policies and guidelines applying to Berkeley Campus computing and communications resources, including this Computer Use Policy, contact **itpolicy@berkeley.edu**. Related policies are available online at the **Campus IT policies** website.

If you would like to obtain paper brochure copies of this Computer Use Policy, including quantities to distribute at your campus location, please contact **itpolicy@berkeley.edu**.

## Reporting Misuse

Report misuse of campus electronic communication resources to **abuse@berkeley.edu**. For abuse from off-campus, see: **Responding to Inappropriate Use of Computing and Network Resources**

UC Berkeley    Campuswide Technology Service Providers
Copyright 2007 The Regents of the University of California. Updated 2007-03-01.
Site Map    Contact Webmaster

BORGERSON0082

# Exhibit P

Current Folder: **INBOX**                                        <u>Sign Out</u>

<u>Compose</u>  <u>Addresses</u>  <u>Folders</u>  <u>Options</u>  <u>Search</u>  <u>Help</u>  <u>Shares</u>

<u>Message List</u> | <u>Delete</u>                 <u>Previous</u> | <u>Next</u>          <u>Forward</u> | <u>Forward as Attachment</u> | <u>Reply</u> | <u>Reply All</u>

**Subject:** Policy references
**From:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Date:** Mon, January 29, 2007 3:41 pm
**To:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Priority:** Normal
**Options:** <u>View Full Header</u> | <u>View Printable Version</u>


Detective ▮▮▮▮▮▮
The University of California ECP (Electronic Communications Policy) is at
http://www.ucop.edu/ucophome/policies/ec/ (See section IV.C.2."Privacy limits", par
b."System monitoring".  I've copied that text in below.)



Electronic Communications Policy excerpt:
...
IV.C.2. Privacy Limits
...
b. System Monitoring.  University employees who operate and support electronic
communications resources regularly monitor transmissions for the purpose of ensuring
reliability and security of University electronic communications resources and
services (see Section V.B, Security Practices), and in that process might observe
certain transactional information or the contents of electronic communications.
Except as provided elsewhere in this Policy or by law, they are not permitted to
seek out transactional information or contents when not germane to system operation
and support, or to disclose or otherwise use what they have observed.

In the process of such monitoring, any unavoidable examination of electronic
communications (including transactional information) shall be limited to the least
invasive degree of inspection required to perform such duties. This exception does
not exempt systems personnel from the prohibition (see Section IV.A, Introduction)
against disclosure of personal or confidential information.

Except as provided above, systems personnel shall not intentionally search the
contents of electronic communications or transactional information for violations o
law or policy. However, if in the course of their duties systems personnel
inadvertently discover or suspect improper governmental activity (including
violations of law or University policy), reporting of such violations shall be
consistent with the Policy on Reporting and Investigating Allegations of Suspected

BORGERSON0068

Improper Governmental Activities (the "Whistleblower Policy").

Download this as a file

Delete & Prev | Delete & Next

Move to: INBOX      Move

Take Address

BORGERSON0069