1  BARRY J. PORTMAN
   Federal Public Defender
2  ANGELA M. HANSEN
   Assistant Federal Public Defender
3  555 12th Street, Suite 650
   Oakland, CA  94607
4  Telephone:  (510) 637-3500

5  Counsel for ERIC BORGERSON

6

7                IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 UNITED STATES OF AMERICA,          )   No. CR-07-0472-CW
                                      )
11                 Plaintiff,         )
                                      )   DECLARATION OF JEFF MICHAEL
12                                    )   FISCHBACH FILED IN SUPPORT OF
   vs.                                )   DEFENDANT'S MOTION TO SUPPRESS
13                                    )
   ERIC BORGERSON,                    )
14                                    )
                   Defendant.         )
15 _____)

16
      I, Jeff Michael Fischbach, hereby declare:
17
   1.      My name is Jeff Michael Fischbach and I am Board Certified Forensic Examiner
18
   specializing in information, communication, stored data and electronic location technologies
19
   (ABFE #12891).  I am the founder and president of SecondWave, Inc. (DBA SecondWave
20
   Information Systems), which is located in Chatsworth, California.  SecondWave is a technology
21
   consulting firm specializing in information systems and technology integration.
22
   2.         I have consulted on, and testified in dozens of prosecution and defense cases
23
   involving electronic evidence since 1996 in federal, state and military courts, where my
24
   testimony and credentials have been accepted by all parties, and—in several cases—have been
25
   funded by court order for the purposes of independent evaluation.   I have provided expert
26

Declaration of Jeff Michael Fischbach          1

1  services for many different clients, including law enforcement, foreign government

2  representatives, judges, lawyers and the press.

3  3.        I routinely lecture and provided training in my area of expertise to civilian attorneys,

4  law enforcement and judges throughout North America.  I also maintain an active National

5  Security Clearance provided by the United States Department of Justice.

6  4.        I was retained by the Federal Public Defender's office in Oakland, California, to

7  review evidence in the above-captioned case.  I have reviewed the paper discovery in the Eric

8  Borgerson case, Bates numbers 14 through 261, 264-65.  I have not yet conducted a forensic

9  review of any hard drive recovered in this case because those materials remain under the control

10 of the government.

11 5.        Peer-to-peer (P2P) file-sharing programs are applications that allow computers to

12 share files across the Internet without the aid of a server or other intermediary device.  With peer-

13 to-peer file-sharing, users can swap files with one another directly from each other's devices.

14 There are many legitimate uses for file-sharing.  File-sharing is illegal only if the shared content

15 is violating a copyright or is known contraband material.  "Gnutella" and "Kazaa" are peer-to-

16 peer applications that facilitate the sharing of nearly any type of digitally stored application or

17 content, including – but not limited to – audio, video, photos, illustrations, applications and

18 documentation.

19 6.        In the discovery that I reviewed there are email reports sent to a University of

20 California, Berkeley, systems administrator named Robert Hiramoto.  These reports appear to

21 convey bandwidth statistics for "high-usage" devices connected to the UCB network.  These

22 devices are designated by "host" names assigned by systems administrators or information

23 technology (IT) personnel.  These statistics are commonly referred to as bandwidth reports and

24 can be individually tailored to the administrator's needs.  Generally speaking, bandwidth

25 measures the capacity of the network to move data, and bandwidth reports can help a systems

26 administrator like Hiramoto identify devices that are abusing resources.

Declaration of Jeff Michael Fischbach            2

7.        On the bandwidth report I reviewed from the discovery in this case, each horizontal line provides information for a separate port in use. A "port" is a mechanism that facilitates systems administrators to allow or disallow certain kinds of data to enter or exit the network. This safety mechanism is integral to what is commonly known as a "firewall." The far right column on the report, labeled "T-O," indicates the amount of traffic, or bandwidth, for that port. In the T-O column, bandwidth is measured in kilobytes ["K"] or megabytes ["M"]. *See, for example*, Bates 216, attached hereto. One megabyte equals approximately 1,000 kilobytes. For comparison purposes, a compact disc (CD) holds approximately 640 to 700 megabytes, and a classic iPod can hold about 80 gigabytes, which is equivalent to 80,000 megabytes.

8.        According to an October 28, 2006, bandwidth report identifying bandwidth usage for the previous day, 156 megabytes of traffic was associated with the "gtela" port. *See* Bates 216. "Gtela" is an abbreviation for the "Gnutella" file-sharing program. Through a hereto-undisclosed method, Hiramoto identified Eric Borgerson as the user of the device accessing this port. The amount of traffic transmitted to or from this port – 156 megabytes – is not a significant amount of data. It is approximately 1/6th the amount of the data that a CD can hold or 1/500th of the data that an iPod can hold.

9.        In my experience, file-sharing can pose two types of threats to the integrity or security of a computer network. First, too much data could be downloaded at one time to the extent that a network becomes congested, preventing or hampering other devices from utilizing the network. The bandwidth report that Hiramoto relied on here does not appear to indicate this kind of threat. As explained in the paragraphs above, 156 megabytes of data is a fraction of what a CD can hold. The second threat that file-sharing may pose is that a virus could enter the network through file-sharing. But file-sharing poses no more risk of introducing a virus to a network than does using email.

10.       According to the data on the bandwidth report, the device identified as Mr. Borgerson's had a file-sharing program installed and in use. The abbreviation "gtela" on the

1  report indicates that the "Gnutella" file-sharing program was running through the port in

2  question. In other words, there was no need to remotely access the user's device to confirm the

3  existence of the application.

4  11.          Once the port and the user were identified, if file-sharing were truly a concern,

5  Hiramoto could have closed the port entirely, or restricted the amount of bandwidth allocated to

6  that device. This would have decreased or prevented any further file transfers. Another remedy

7  would have been to immediately suspend Mr. Borgerson's user account, and/or disrupt network

8  service to his device, as necessary. Either of these steps would have allayed any concern about

9  threats to the integrity or security of the system. In fact, disconnecting Mr. Borgerson's computer

10  from the network would have been the fastest and most effective way to contain any threat, as

11  well as to prevent the proliferation of any nefarious software across the network. Remotely

12  accessing Mr. Borgerson's laptop computer, as Hiramoto did, would not have revealed whether

13  the security or integrity of the system had been compromised, as nefarious software such as

14  viruses are known to operate covertly.

15          I declare under penalty of perjury that the foregoing is true and correct, except for

16  those matters stated on information and belief, and as to those matters, I am informed and believe

17  them to be true.

18          Executed this 23 day of April, 2008, in the Central District of California.

19

20

21                                                    JEFF MICHAEL FISCHBACH
                                                      Forensic Technologist

22

23

24

25

26

Declaration of Jeff Michael Fischbach                    4

Thu, May 24, 2007  3:52 PM

**Subject:** iir 2006-10-27
**Date:** Saturday, October 28, 2006 2:45 AM
**From:** CNS Bandwidth Reporter <cns@fairy-princess.net.berkeley.edu>
**Reply-To:** jhess@ack.berkeley.edu
**To:** <rhiramoto@berkeley.edu>, <mhunter@ack.berkeley.edu>
**Conversation:** iir 2006-10-27

The Ports Report:  Usage Patterns for High-Usage Hosts.

Beginning report generation at Sat Oct 28 03:45:14 PDT 2006
(F Flows) (I- Incoming) (O- Outgoing) (T- Total) (-P Packets) (-O Octets)
"I-O" means Incoming Octets.  "*" means "not otherwise accounted for"

(Page    1)

| Host | Known Port | F | I-P | I-O | O-P | O-O | T-P | T-O |
|---|---|---|---|---|---|---|---|---|
| c2521-119-16.IIR | *->44667 | 61K | 1.3M | 665M | 1.3M | 885M | 2.6M | 1550M |
| c2521-119-16.IIR | 2781->6700 | 43 | 331K | 118M | 692K | 633M | 1M | 751M |
| c2521-119-16.IIR | 1135->38543 | .8K | 265K | 124M | 379K | 350M | 644K | 475M |
| c2521-119-16.IIR | 44667->* | 36K | 320K | 225M | 210K | 100M | 530K | 325M |
| c2521-119-16.IIR | 4230->33674 | 1K | 178K | 131M | 187K | 139M | 365K | 270M |
| c2521-119-16.IIR | 3942->7954 | .6K | 124K | 71.1M | 165K | 134M | 289K | 205M |
| c2521-119-16.IIR | 4270->55878 | 49 | 86K | 35.2M | 169K | 159M | 255K | 194M |
| c2521-119-16.IIR | 4844->36009 | .4K | 116K | 48M | 153K | 141M | 269K | 189M |
| c2521-119-16.IIR | 4829->12743 | 29 | 87K | 49.5M | 113K | 96.4M | 200K | 146M |
| c2521-119-16.IIR | Other: | 10K | 811K | 517M | 900K | 593M | 1.7M | 1110M |
| | | | | | | | | |
| c2521-210-2.IIR | 80/http->* | 2K | 161K | 57.2M | 97K | 98.5M | 258K | 156M |
| c2521-210-2.IIR | *->6348 | 7K | 90K | 92M | 55K | 3088K | 145K | 95M |
| c2521-210-2.IIR | 6348->* | 7K | 92K | 80.9M | 73K | 3333K | 165K | 84.2M |
| c2521-210-2.IIR | *->6346/gtela | 1K | 51K | 56.6M | 36K | 2010K | 87K | 58.6M |
| c2521-210-2.IIR | 2334->4871 | 67 | 20K | 29.1M | 13K | 622K | 34K | 29.8M |
| c2521-210-2.IIR | 1568->43459 | 7 | 16K | 21.4M | 19K | 877K | 34K | 22.2M |
| c2521-210-2.IIR | 2334->3373 | 47 | 14K | 19.7M | 9K | 416K | 23K | 20.1M |
| c2521-210-2.IIR | 2269->40807 | 19 | 14K | 19.4M | 7.7K | 351K | 22K | 19.8M |
| c2521-210-2.IIR | 3376->51809 | .1K | 13K | 17.2M | 6.7K | 297K | 19K | 17.5M |
| c2521-210-2.IIR | Other: | 5K | 173K | 213M | 107K | 6272K | 280K | 219M |

(Page    2)

| Host | Known Port | F | I-P | I-O | O-P | O-O | T-P | T-O |
|---|---|---|---|---|---|---|---|---|
| w-315-1.IIR | 80/http->* | 2K | 172K | 246M | 120K | 5776K | 292K | 251M |
| w-315-1.IIR | 22/ssh->* | -2K | 79K | 112M | 32K | 1687K | 111K | 114M |
| w-315-1.IIR | 443/https->* | 40 | 898 | 841K | 890 | 158K | 1.7K | 998K |
| w-315-1.IIR | 1027->47768 | 1 | 40 | 17.3K | 0 | 0 | 40 | 17.3K |
| w-315-1.IIR | 1369->1935 | 1 | 40 | 3960 | 0 | 0 | 40 | 3960 |
| w-315-1.IIR | 2656->8000 | 1 | 0 | 0 | 40 | 1600 | 40 | 1600 |
| w-315-1.IIR | *->33441 | 5 | 23 | 736 | 0 | 0 | 23 | 736 |
| w-315-1.IIR | 19222->33438 | 1 | 6 | 192 | 0 | 0 | 6 | 192 |
| w-315-1.IIR | 11896->33438 | 6 | 6 | 192 | 0 | 0 | 6 | 192 |
| w-315-1.IIR | Other: | 16 | 21 | 1036 | 0 | 0 | 21 | 1036 |
| | | | | | | | | |
| c2521-100b-002.IIR | 80/http->* | 3K | 106K | 131M | 69K | 6393K | 175K | 138M |
| c2521-100b-002.IIR | 554/r-aud->* | 19 | 7K | 9846K | 2.6K | 118K | 9.6K | 9964K |
| c2521-100b-002.IIR | 443/https->* | 29 | 566 | 204K | 527 | 49K | 1.1K | 253K |
| c2521-100b-002.IIR | 5101->11474 | 97 | 172 | 24.9K | 362 | 32.2K | 534 | 57.2K |
| c2521-100b-002.IIR | 1454->5050 | 15 | 400 | 21.4K | 200 | 15K | 600 | 36.4K |
| c2521-100b-002.IIR | 1434->1589 | 1 | 40 | 15.8K | 0 | 0 | 40 | 15.8K |
| c2521-100b-002.IIR | 3947->5900 | 1 | 40 | 1920 | 0 | 0 | 40 | 1920 |

BORGERSON0216