BARRY J. PORTMAN
Federal Public Defender
ANGELA M. HANSEN
Assistant Federal Public Defender
555 12th Street, Suite 650
Oakland, CA 94607
Telephone: (510) 637-3500

Counsel for Defendant BORGERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-07-0472-CW |
| ) | |
| Plaintiff, ) | SUPPLEMENTAL DECLARATION OF |
| ) | ERIC MICHAEL BORGERSON FILED IN |
| vs. ) | SUPPORT OF HIS MOTION TO |
| ) | SUPPRESS |
| ERIC MICHAEL BORGERSON, ) | |
| ) | |
| Defendant. ) | |

I, Eric Michael Borgerson, hereby declare:

1.	My name is Eric Michael Borgerson. In October 2006 I was an employee of the University of California, Berkeley, Institute of Industrial Relations (IIR). I write this supplemental declaration in response to several claims made by the government in its opposition to my motion to suppress.

2.	When I started at IIR in 2006 I was provided a table in office number 210 to use as a workspace and to store my files. I shared that office space with Stephanie Kalmin. The office had a door and lock on the door. I did not have a desktop computer in office 210; instead, the systems administrator, Robert Hiramoto, provided me with a portable Dell laptop.

3.	My supervisor at IIR was Carol Vendrillo. Ms. Vendrillo did not require me to

1  confine myself to the table in office 210, nor was I required or expected by Ms. Vendrillo to keep
2  my work laptop connected to the internet jack adjacent to that location. Ms. Vendrillo allowed
3  me to access keys to other offices, including office 217, which she kept in her office. Office 217
4  was shared by two other employees and was sometimes vacant. So that I would have more
5  privacy when I was at work, Ms. Vendrillo gave me permission to use Office 217 when it was
6  empty. I also had permission to connect my work laptop to the Internet jacks in that office.
7  4.      On Friday, October 27, 2006, I worked from office 217 because I knew the office was
8  vacant that day and would be vacant the entire weekend. I used the key from Ms. Vendrillo's
9  office to access room 217. At the end of the day, I left the laptop powered on and connected to
10 the network, but when I left the office that evening, I folded the laptop screen down toward the
11 keyboard so that it was not visible. When I left the office, I locked the door behind me.
12 Consequently, no passers-by would have had any opportunity to inadvertently see the contents of
13 my laptop. I returned to office 217 on Saturday, October 28, 2006. It was my experience that
14 very few IIR employees and virtually no employees from my group (California Public Employee
15 Relations) ever came to the IIR building on the weekend. I used the key to enter the office, and
16 when I left I again folded the laptop screen down toward the keyboard so that it was not visible.
17 When I left the office that day, I closed and locked the office door. I fully expected that my
18 privacy would be ensured and uninterrupted until I retrieved my laptop on Monday morning.
19 5.      At no time did Robert Hiramoto tell me that he could or would access my work
20 laptop to peruse its content remotely without my knowledge or consent. In the year that I worked
21 at IIR, I do not recall seeing a window pop up on the screen while I was using the computer
22 indicating that Hiramoto was connected, nor do I recall ever seeing an administrator log-on
23 indicating that Hiramoto had accessed my computer while I was away. It was my understanding
24 that to run security checks such as virus scan and other security software, Mr. Hiramoto did not
25 need to search my files.
26 6.      Although Hiramoto told me that there was a network drive in which I could save files

Supplemental Declaration of Eric Michael
Borgerson                                    2

1  for back up, he did not tell me that files saved on this network drive would be inaccessible to
2  others. Because it was a "network" drive, it was my understanding that administrators like
3  Hiramoto would have routine access to the drive and, consequently, I would have had less
4  privacy on this drive than I would on the laptop's hard drive where I saved most of my private
5  materials.
6  7.      After my laptop was searched without my consent, I complained to my employer that
7  my privacy rights had been violated. The university investigated my claim and on the eve of my
8  termination allowed me to resign in exchange for my promise not to file a lawsuit. It was only
9  after I asserted that the University's stated intent to terminate my employment was invalid on
10 grounds that my right to privacy under state and federal law had been violated that the University
11 assembled a defense of Hiramoto's actions. The University apparently prepared a post-hoc
12 "authorization" for the search only after the propriety of Hiramoto's continued employment was
13 called into question by my contention that his actions were unlawful.
14      Executed this 12th day of May, 2008, in the Northern District of California.

_____
ERIC MICHAEL BORGERSON

Supplemental Declaration of Eric Michael
Borgerson                                3