**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*  (415) 436-7200
*450 Golden Gate Avenue, Box 36055*
*San Francisco, California 94102*  *FAX:(415) 436-7234*

May 13, 2008

Hon. Claudia Wilken
United States District Court
1301 Clay Street, 4th Floor, Courtroom 2
Oakland, California 94612

Re:  *United States v. Borgerson* – No. CR 07-0472 CW

Dear Judge Wilken:

The parties are scheduled to appear before you tomorrow afternoon at 2:30 p.m. for a hearing on the defendant's motion to suppress. In preparation for this hearing, I came across two pertinent and significant authority relevant to the suppression motion which the parties have neglected to include in our papers. I write to inform you and defense counsel of this case and apologize for not having included it in the United States's Opposition.

In *United States v. Taketa*, 923 F.2d 665, 671 (9th Cir. 1991), the Ninth Circuit held that the defendant had no reasonable expectation of privacy in his co-defendant's office and therefore no "standing" to challenge a search of that office which uncovered evidence that the defendant was engaging in illegal wire-tapping. Even though Taketa had access to the office and used it to conduct illegal activities, it was not his office and he had no ownership interest in the equipment found inside, which was government property.

This supports the United States's position that defendant Borgerson had no reasonable expectation of privacy in his work computer which he left in a colleague's office. Even if the defendant had access to that office and used it, it was not his office and he had no ownership interest in his work computer, which was government property.

Very truly yours,

JOSEPH P. RUSSONIELLO
United States Attorney

   /s/
MERRY JEAN CHAN
DENISE MARIE BARTON
Assistant United States Attorneys

cc: Angela M. Hansen, Attorney for Defendant