1  BARRY J. PORTMAN
   Federal Public Defender
2  ANGELA M. HANSEN
   Assistant Federal Public Defender
3  555 - 12th Street, Suite 650
   Oakland, CA 94607-3627
4  Telephone: (510) 637-3500

5  Counsel for ERIC BORGERSON

6

7
                    IN THE UNITED STATES DISTRICT COURT
8
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10  UNITED STATES OF AMERICA,          )    No. CR-07-0472 CW
                                       )
11              Plaintiff,             )    DECLARATION OF ANGELA M.
                                       )    HANSEN FILED IN SUPPORT OF
12  vs.                                )    DEFENDANT'S MOTION TO VACATE
                                       )    THE TRIAL DATE AND FOR LEAVE TO
13  ERIC BORGERSON,                    )    FILE SUPPLEMENTAL EVIDENCE RE:
                                       )    DEFENDANT'S MOTION TO SUPPRESS
14              Defendant.             )
                                       )
15  _____)

16
         I, Angela M. Hansen, hereby declare:
17
         1.    I am an Assistant Federal Public Defender for the Northern District of California.
18
   My office has been appointed to represent Eric Borgerson in the above-captioned capital case.
19
   The government indicted Mr. Borgerson 10 months ago, on July 7, 2007.  The indictment
20
   charges Mr. Borgerson with the possession of child pornography and the distribution of child
21
   pornography.  The government waited nearly 10 months to prepare to indict Mr. Borgerson
22
   because the alleged conduct occurred in late October 2006.
23
         2.    In August 2008, Hilary Fox, an Assistant Federal Public Defender, was appointed
24
   to represent Mr. Borgerson, who had previously retained private counsel.  At this time, Mr.
25
   Borgerson's case was pending before Judge Jenkins.  On February 15, 2008, this case was
26

Angela M. Hansen Declaration               1

1   reassigned to Your Honor.  Early this year the Federal Public Defender reassigned Mr.

2   Borgerson's defense to John Paul Reichmuth because Ms. Fox was leaving the Federal Public

3   Defender's office in March.

4          3.       On April 4, 2008, Mr. Reichmuth and Assistant United States Attorney Merry

5   Jean Chan made an appearance before the Court to set a briefing schedule for defendant's motion

6   to suppress.  It is my understanding that government counsel urged the Court to set Mr.

7   Borgerson's case for trial, and the Court set a June 16, 2008, trial date.  A week later, on April

8   11, 2008, Mr. Reichmuth left the Federal Public Defender's office on unpaid leave; he will not

9   return for six months.  As a result, the Federal Public Defender once again reassigned Mr.

10  Borgerson's case.

11         4.       On April 14, 2008 — just a month ago — I became counsel of record for Mr.

12  Borgerson.  I entered my appearance on April 16th.  At the time this case was reassigned to me,

13  the Federal Public Defender also reassigned over twenty other active cases to me, including

14  *United States v. Alicia Johnson* (*Andre Matthews, et al.*), 07-00488-CW, a multi-defendant fraud

15  case which required immediate attention to prepare the client for a change of plea hearing on

16  April 23rd, and *Triggs v. Chrones*, a federal habeas case pending in the 9th Circuit.  A reply brief

17  is due to the Circuit in that case on May 27, 2008.  I will have the assistance from a Legal

18  Research and Writing Attorney, but as counsel of record I need to familiarize myself with the

19  voluminous record in the *Triggs* case to assist in preparing the brief for filing.  I also need to

20  prepare the case for oral argument.

21         5.       It takes an extraordinary amount of work to take over a case load this large, which

22  is one of the reasons why I requested additional time from the government to file a reply to Mr.

23  Borgerson's Motion to Suppress.  The original briefing schedule left my office with only three

24  business days to reply — the government's opposition was received in my office on May 8, and

25  Mr. Borgerson's reply was due yesterday, May 12, 2008.  I felt it was reasonable to request a

26  short two- to three-week continuance for the reply given that my office had made every effort to

Angela M. Hansen Declaration                    2

1  file the opening motion without unnecessary delay, understanding that the Court and the parties

2  wanted to keep the case moving along.  But after reviewing most of the case file and the

3  discovery produced thus far, I realized that additional discovery, investigation and information

4  was necessary to prepare a full reply brief.  Unfortunately, counsel for the government would not

5  agree to stipulate to continue the briefing schedule in this case, arguing that prior counsel had

6  ample opportunity to investigate and review relevant discovery in the government's possession.

7       6.    Regardless of what happened on this case prior to my recent involvement, as new

8  counsel I have an independent obligation and duty to provide Mr. Borgerson with a vigorous

9  defense.  For the government to suggest that prior counsel had ample prior opportunity to prepare

10  Mr. Borgerson's case misses the point.  Events beyond Mr. Borgerson's control caused new

11  counsel to step in for him and he has a right to have a prepared lawyer working on his case.

12       7.    I waited for the government to file its opposition before requesting additional time

13  to file Mr. Borgerson's reply brief because some of the matters might not have remained in

14  dispute, depending upon whether the government's witnesses had admitted certain facts; instead,

15  the government's opposition raised more questions.  A Legal Research and Writing Attorney and

16  I were required to work diligently to prepare a reply brief under the current schedule, because

17  with a three-day turn-around, there was no time to file a motion to continue the date for the reply

18  brief.  Because the government would not agree to a continuance, to remedy our need for more

19  time to investigate and to collect discovery from the government, Mr. Borgerson must request

20  leave from the Court to submit additional, relevant evidence in connection with his motion to

21  suppress.  Depending on the Court's preference, Mr. Borgerson is willing to present this evidence

22  in a supplemental reply brief or at any evidentiary hearing on this matter.

23       8.    Without delving into confidential, work product, Mr. Borgerson provides the

24  Court with the following examples of supplemental information he plans to submit in connection

25  with the pending motion to suppress:

26  •    The government's main witness, Robert Hiramoto, has made several inconsistent

Angela M. Hansen Declaration                3

1    statements regarding the search of Mr. Borgerson's laptop. The day after the search, he
claimed he entered Mr. Borgerson's laptop and saw child pornography on the desktop,
2    presumably to justify the search on plain-view grounds. In the government's opposition
papers, he now says that he has "no independent recollection" of seeing child
3    pornography on the desktop. For the government to attribute Hiramoto's retraction to a
memory lapse is troubling. Hiramoto's original justification to continue his search—that
4    he saw pornography in plain view on the desktop—were it accurate, could have been
verified through a forensic examination of the laptop. To the extent the government has
5    already verified that Hiramoto could not have seen what he claimed he saw when he first
accessed Borgerson's desktop, those reports should have been produced to the defense.
6    Because no such reports have been turned over, we need to conduct a forensic review of
the laptop to confirm whether or not child pornography was in plain view on the desktop.
7    This examination is likely to reveal evidence relevant to Hiramoto's credibility and is
critical to the Court's consideration of Mr. Borgerson's motion. The parties have
8    tentatively scheduled this evidence review for May 22, 2008, provided we are able to
negotiate a mutually agreeable protective order.[1]

9
•    I have a good faith basis to believe that additional, relevant UCB policies have yet to be
10    disclosed to the defense. As a result, on May 1, 2008, I requested that the government
produce copies of all University of California, Berkeley, Institute of Industrial Relations
11    employee policies in place in October 2006. In addition, I asked for all copies of the IT
policies in place for the Institute in October 2006, including any organizational
12    guidelines. The government stated that no such policies were in *its* possession, without
confirming that UCB produced everything it had to the government. The government
13    further invited the defense to subpoena UCB, suggesting that it had no obligation to
locate any policies, even if relevant to the motion to suppress. As a result, the defense
14    plans to request a Fed. R. Civ. P. 17 subpoena as soon as the Court sets an evidentiary
hearing date. In our *ex parte* subpoena application, Mr. Borgerson will explain the basis
15    for his belief that relevant policies remain outstanding.

16    •    Last week the government produced new discovery relevant to Mr. Borgerson's motion.
This discovery includes a University of California, Berkeley ("UCB") post-hoc
17    justification for Hiramoto's search of Mr. Borgerson's laptop. This new justification
refers to "more than 120 security investigations on campus," and the government relies
18    upon these prior investigations (and two others) to substantiate Hiramoto's search. To
date, the government has not disclosed any information about these alleged prior security
19    incidents. As a result, the defense needs to obtain basic information concerning these
investigations to verify the government's claim. Moreover, we need the complete
20    investigation file from UCB, not just the summary documents. We plan to request this
information from the government, but if the government refuses to disclose this
21    information, we will need to follow up with a Rule 17 subpoena.

22    •    Mr. Borgerson has requested "tree directory" data which has been extracted from his
computer during the agent's analysis of the hard drives in this case. There was a mis-
23    communication with respect to what the defense had requested prior to new counsel's

24    _____

25    [1]Defense counsel is only allowed to examine the hard drive under conditions controlled
by the government. Earlier today I received a proposed protective order from the government
26    that on first glance contains many unworkable provisions. I will work diligently to negotiate the
terms of the order with the government so that we can avoid further litigation.

Angela M. Hansen Declaration                 4

involvement in this case, but I have since specifically identified for the government what we need concerning two of the three hard drives. This discovery contains evidence that was seized from Mr. Borgerson and contains no contraband and thus is discoverable under Rule 16. The government has now refused to provide the defense with any further discovery pertaining to the hard drives because, according to the government, the defense has "access" to the hard drives. I plan to file a motion to compel discovery because for my office to fully prepare to conduct a forensic review of the hard drives in the government's possession we need as much information as possible.

9.    I make this request to submit supplemental evidence to the Court in good faith and with Mr. Borgerson's right to effective assistance of counsel in mind.

10.    As for the trial date, as soon as I took over this case, I met with Mr. Borgerson to discuss the trial date. Apparently government counsel interpreted Mr. Reichmuth's refusal, on behalf of Mr. Borgerson, to accept a plea agreement *before* a motion to suppress was filed as a refusal to negotiate. As a result, government counsel urged the Court to set a June trial date before she takes a personal leave in late July or early August.

11.    On April 15, 2008 — the day after I became counsel of record on this matter — I immediately clarified for the government in writing that Mr. Borgerson does not intend to go to trial in this case.[2] I felt it was important to convey Mr. Borgerson's intent to the government so as to not waste government time and resources in preparing this case for trial. Nevertheless, despite my repeated assurances to the government that Mr. Borgerson does not intend to go to trial, the government has continued to insist on June 16 trial date, which seems calculated to force Mr. Borgerson to enter into a guilty plea before government counsel goes out on leave and before I've had a chance to fully prepare Mr. Borgerson's case.[3]

12.    Not only do I need more time to submit materials to the Court concerning the

---

[2]Mr. Borgerson plans to litigate the motion to suppress and if that motion is denied, he may seek to preserve any appeal on the motion by negotiating a conditional plea with the government. If a conditional plea is denied, Mr. Borgerson may request a one-hour stipulated facts bench trial.

[3]Curiously, government counsel proposed that Mr. Borgerson admit to the facts establishing his guilt before the motion to suppress is decided by the Court. Perhaps the government has lost sight of the fact that it is possible the Court may grant his motion.

1  pending motion, I need additional time to prepare Mr. Borgerson's case for change of plea. This

2  is a new case for me and I have been working steadily on it for the last month, delaying most of

3  my obligations to other clients. Mr. Borgerson is facing a significant punishment and a

4  mandatory minimum of 5 years if convicted. I thus need additional time to fully prepare this case

5  for plea negotiations or an open plea.[4]

6        13.    According to the docket and the government's briefing, this case is being handled

7  by two members of the United States Attorney's Office. Surely another lawyer from the United

8  States Attorney's Office can step in for plea negotiations, change of plea and sentencing. In other

9  words, this case does not need to immediately resolve at the expense of Mr. Borgerson's 6th

10  Amendment rights simply to accommodate the personal schedule of lead counsel.

11        14.    I have had only a month to prepare this case along with a full, new case load and

12  many duty days and new clients in between. Given these time constraints and my concerns

13  regarding Mr. Borgerson's right to effective assistance of counsel, the current case schedule and

14  the imminent trial date is unworkable. My office has prepared extensive briefing on the motion

15  without any continuance but has had no time to do much else.

16        15.    I therefore request, on behalf of Mr. Borgerson, that the Court vacate the trial and

17  pretrial hearing dates and set this case for an evidentiary hearing on the Motion to Suppress. I

18  further request that the Court allow Mr. Borgerson to supplement the record with additional,

19  relevant evidence prior to any ruling on the motion.

20

21

---

22      [4]For example, I will need additional time to review the evidence on several hard drives

23  that are in the government's possession in order to present Mr. Borgerson with an intelligent
sentencing guideline calculation. This information is critical to any plea negotiations with the
government and is no easy task. This is the first time since the Adam Walsh Act was passed that

24  my office has had to review a hard drive in the custody and control of the government, and the
parties are still trying to work out the protocol for this review, including a protocol to protect our

25  work product and a mutually agreeable protective order. Moreover, the hard drives are in Menlo

26  Park and an investigator and my office's computer systems administrator will need to coordinate
schedules and will also need to time to bring in special equipment to set up the review.

Angela M. Hansen Declaration        6

1    I declare under penalty of perjury that the foregoing is true and correct, except for those

2    matters stated on information and belief, and as to those matters, I am informed and believe them

3    to be true.

4    Executed this 13th day of May, 2008, in the Northern District of California.

ANGELA M. HANSEN
Assistant Federal Public Defender

Angela M. Hansen Declaration                    7