JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

MERRY JEAN CHAN (CABN 229254)
DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorneys

   450 Golden Gate Ave., 11th Floor
   San Francisco, California 94102
   Telephone: (415) 436-6150
   Facsimile: (415) 436-6470
   Email: merry.chan@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 07-0472 CW |
|---|---|---|
| Plaintiff, | ) | BENCH TRIAL STIPULATIONS |
| v. | ) | |
| ERIC MICHAEL BORGERSON, | ) | Date: July 7, 2008 |
| Defendant. | ) | Time: 2:30 p.m. |
| | ) | Court: Hon. Claudia Wilken |

     Defendant, Eric Michael Borgerson, seeking to preserve an appeal on his motion to suppress, hereby enters into the following factual stipulations with the United States for a bench trial on this matter. Accordingly, both parties stipulate and agree to the following facts and evidence, and further stipulate and agree that the government exhibits referenced herein are authentic and admissible under the Federal Rules of Evidence, subject to Defendant's objections regarding the admissibility of evidence that was recovered in violation of the Fourth Amendment or that was fruit from the unlawful search, as set forth in more detail in defendant's motion to suppress, which was heard and decided by the Court on May 14, 2008.

     It is the Defendant's position that the evidence referenced in paragraphs 1-3, 5-16,

1

17(a)-(g), 18-24, 25, 26(a)-(d), 27(a)-(g), and 28 below, including Exhibits 1 through 7 and other evidence not referenced herein, should have been suppressed pursuant to his motion; however, subject to this constitutional challenge, Defendant agrees that the evidence listed herein is otherwise admissible and legally sufficient to establish the Defendant's factual guilt of charges in the indictment.

COUNT ONE: (18 U.S.C.§ 2252A(a)(2) - Distribution of Child Pornography)

1.  If called to the witness stand, government witness Robert Hiramoto, a Computer Systems Administrator for the University of California, Berkeley (UCB), would testify that he was responsible for setting up, maintaining, and securing the UCB network and computers at the Institute of Industrial Relations ("IIR") building, located at 2521 Channing Way, Berkeley, California. He would testify that he issued Defendant a Dell laptop, Serial Number HPV9T01, on behalf of UCB, Defendant's employer. Hiramoto would testify that on October 28, 2008, he remotely accessed the Dell laptop which was attached to the UCB network and uncovered what he believed was child pornography. Hiramoto would testify that based on the diagnostic steps he took, he does not believe that the Dell laptop was broken into. Hiramoto would testify that on October 29, 2008, he accompanied an officer of the University of California Police Department to find the Dell laptop. He would testify that he ultimately located the computer in Office 217 of the IIR building, and it was connected to a UCB network connection in that office. The parties stipulate and agree that Defendant placed the Dell laptop in Office 217 on October 27, 2008 and left it there over the weekend.

2.  If called to the witness stand, government witness Police Officer Wykoff of the University of California Police Department would testify that on October 29, 2006, accompanied by Robert Hiramoto, he found the Dell laptop in Office 217 of the building located at 2521 Channing Way, Berkeley, California, and it was connected to a UCB network connection in that office. He would testify that he seized the Dell laptop, Serial Number HPV9T01, and placed it into evidence.

3.  If called to the witness stand, government witness Jason Collom, then a detective for the

2

1  University of California Police Department, would testify that he interviewed Defendant on
2  October 30, 2006. Collom would testify that in this interview, Defendant stated that he did not
3  share the Dell laptop with any person; he had a unique password to log into the computer that he
4  did not share with anyone. The parties stipulate and agree that proposed United States's Exhibit
5  1 is a true and correct copy of the recorded interview and is authentic and admissible under the
6  Federal Rules of Evidence.
7  4.  If called to the witness stand, government witness Allison Henry who provides system
8  and network security for UCB, would testify that security logs indicate that on Friday, October
9  27, 2006, user 011832578, which was assigned to Defendant, was the only user connected to the
10  UCB network through the Dell laptop.
11  5.  Government witness and computer forensic expert Nicole Miller would testify at trial that
12  on November 30, 2006, she took custody of the Dell laptop, Serial Number HPV9T01, from the
13  UCB police. Miller would testify that during her forensic review of the Dell laptop, she located
14  four video files stored on the C: drive of the laptop named "blow.avi," "g-rape.zip," "bath.avi,"
15  and "TMPbibcam-13 boy's Dad sneaks in for mutual JO session -sound.wmv."
16  6.  Both parties stipulate and agree that all four video files referenced in paragraph 5 depict
17  minors engaging in sexually explicit conduct, as the terms are defined in 18 U.S.C. § 2256.
18  Government witness Special Agent Eric T. Brelsford of the FBI would testify that he has
19  identified the minor in the video "blow.avi" as a male born on September 1, 1994, and that the
20  video was produced in Wisconsin between September 2002 and January 2004.
21  7.  Government witness and computer forensic expert Miller would further testify that she
22  recovered a video file "21b.avi" on the C: drive of the Dell laptop computer at
23  C:\Windows\xerxes\system\. Miller would testify that the file "21b.avi" was created on October
24  27, 2006, using a software that recorded a Yahoo! Instant Messenger communication between the
25  screen names "joseph schmosef" and "guardsman21b" and also recorded the video that appeared
26  on the desktop of the laptop during that communication. Miller would also testify that the video
27  file "21b.avi" shows that during the Yahoo! Instant Messenger session, "joseph schmosef"
28  transferred the video file named "blow.avi" to "guardsman21b." The parties stipulate and agree

1 | that proposed United States's Exhibit 2 is a true and correct copy of the video file "21b.avi" and
2 | that it is authentic and admissible under the Federal Rules of Evidence.
3 | 8.    If called to testify, the Custodian of Records from Yahoo! would testify that the screen
4 | name "guardsman21b" belonged to a user whose registration information shows that he was
5 | located in New York. The parties stipulate and agree that the video file "blow.avi" had been
6 | transported in interstate commerce via computer.
7 | 9.    Government witness Collom would testify that he conducted a search pursuant to a
8 | warrant of Defendant's residence at 2625 School Street, Oakland, California on October 30,
9 | 2006. Collom would testify that officers recovered a CD marked "Pear QC," "Drive image," and
10 | "Loaded" which was seized and placed into evidence. Government witness FBI Special Agent
11 | Lydia Durben would testify that she took this disk into FBI custody. The parties stipulate and
12 | agree that there are no chain of custody issues regarding this disk. Durben would testify that she
13 | reviewed the contents of this disk, which has been labeled G-20.1.4 for identification purposes.
14 | Durben would testify that this disk contains a folder entitled "Users" which contains a sub-folder
15 | entitled "joeschmow." Durben would testify that the folder's modification date is November
16 | 2004 and the system log shows the host set as "Joe-Schmows-Computer."
17 | 10.    Government witness Collom would also testify that officers recovered a CD marked
18 | "More Bearshare 4-7-04" and "Drive Image" from Defendant's residence in the same search on
19 | October 30, 2006, which was seized and placed into evidence. Government witness Durben
20 | would testify that she took this disk into FBI custody. The parties stipulate and agree that there
21 | are no chain of custody issues regarding this disk. Durben would testify that she reviewed the
22 | contents of this disk, which has been labeled G-20.1.5 for identification purposes. Durben
23 | would testify that the disk contained a folder entitled "Bearshare" which contains a text file
24 | showing Eric Borgerson as a subscriber to the BearShare peer-to-peer file sharing program.
25 | 11.    Police Sergeant Karen Alberts of the University of California Police Department would
26 | testify that on October 30, 2006, she interviewed Defendant. Alberts would testify that
27 | Defendant admitted that he downloaded child pornography onto his Dell laptop via peer-to-peer
28 | file sharing on October 27, 2006, and had first downloaded child pornography onto the Dell

4

laptop several months previously. The parties stipulate and agree that proposed United States's Exhibit 1 is a true and correct copy of the recorded interview and is authentic and admissible under the Federal Rules of Evidence.

COUNT TWO: (18 U.S.C. § 2252A(a)(5)(B) - Possession of Child Pornography)

12. If called to the witness stand, government witness Robert Hiramoto, a Computer Systems Administrator for the University of California, Berkeley (UCB), would testify that he was responsible for setting up, maintaining, and securing the UCB network and computers at the Institute of Industrial Relations ("IIR") building, located at 2521 Channing Way, Berkeley, California. He would testify that he issued Defendant a Dell laptop, Serial Number HPV9T01, on behalf of UCB, Defendant's employer. Hiramoto would testify that on October 28, 2008, he remotely accessed the Dell laptop which was attached to the UCB network and uncovered what he believed was child pornography. Hiramoto would testify that based on the diagnostic steps he took, he does not believe that the Dell laptop was broken into. Hiramoto would testify that on October 29, 2008, he accompanied an officer of the University of California Police Department to find the Dell laptop. He would testify that he ultimately located the computer in Office 217 of the IIR building, and it was connected to a UCB network connection in that office. The parties stipulate and agree that Defendant placed the Dell laptop in Office 217 on October 27, 2008 and left it there over the weekend.

13. If called to the witness stand, government witness Police Officer Wykoff of the University of California Police Department would testify that on October 29, 2006, accompanied by Robert Hiramoto, he found the Dell laptop in Office 217 of the building located at 2521 Channing Way, Berkeley, California, and it was connected to a UCB network connection in that office. He would testify that he seized the Dell laptop, Serial Number HPV9T01, and placed it into evidence.

14. If called to the witness stand, government witness Jason Collom, then a detective for the University of California Police Department, would testify that he interviewed the defendant on October 30, 2006. Collom would testify that in this interview, Defendant stated that he did not

1  share the Dell laptop with any person; he had a unique password to log into the computer that he
2  did not share with anyone. The parties stipulate and agree that proposed United States's Exhibit
3  1 is a true and correct copy of the recorded interview and is authentic and admissible under the
4  Federal Rules of Evidence.

5  15.  Police Sergeant Karen Alberts of the University of California Police Department would
6  testify that on October 30, 2006, she interviewed Defendant. Alberts would testify that
7  Defendant admitted that he downloaded child pornography onto his Dell laptop via peer-to-peer
8  file sharing on October 27, 2006, and had first downloaded child pornography onto the Dell
9  laptop several months previously. The parties stipulate and agree that proposed United States's
10  Exhibit 1 is a true and correct copy of the recorded interview and is authentic and admissible
11  under the Federal Rules of Evidence.

12  16.  Government witness and computer forensic expert Nicole Miller would testify at trial that
13  on November 30, 2006, she took custody of the Dell laptop, Serial Number HPV9T01, from the
14  UC police. Miller would testify that during her forensic review of the Dell laptop, she located
15  video files stored on the C: drive of the laptop. Miller would testify that four of these files were
16  entitled "blow.avi," "g-rape.zip," "bath.avi," and "TMPbibcam-13 boy's Dad sneaks in for
17  mutual JO session -sound.wmv."

18  17.  Government witness and computer forensic expert Miller would further testify that she
19  located the following additional video files stored on the C: drive of the Dell laptop:

  (a)  C:\Windows\xerxes\system\esoterica\My Downloands\(pthc) Threesome - (9yo Girl & 10 yo Boy & 15yo Boy).mpg
  (b)  C:\Program Files\BearShare\sys\TMP5yo sucks dads dick in the shower-spits out cum-pthc gay boy pedo 02.46 (19.6Mb).mpg
  (c)  C:\Program Files\BearShare\sys\TMP(PT)';'p101-SkDad01b!!!HOT!!!(01m49s)[06-10]-pthc gay boy-7yo boy gives great head.mpg
  (d)  C:\Windows\xerxes\system\esoterica\blow.mpg
  (e)  C:\Windows\xerxes\system\esoterica\showersuck.mpg
  (f)  C:\Program Files\BearShare\sys\TMPbibcam- baby lover.mpg
  (g)  C:\Program Files\BearShare\Logs\t.avi

18.  The parties stipulate and agree that proposed United States's Exhibit 3 contains a true and

6

correct copy of the video files listed in paragraphs 16 and 17 above, and is authentic and admissible under the Federal Rules of Evidence.

19.    The parties stipulate and agree that all of the above-listed video files in paragraphs 16 and 17 depict minors engaging in sexually explicit conduct, as the terms are defined in 18 U.S.C. § 2256. The parties further stipulate and agree that all of the above-listed video files have been transported in interstate commerce via computer. The parties stipulate that the video listed at paragraph 17(a) shows an identified minor from France engaging in sexually explicit conduct, the videos listed at paragraph 17(b)-(e) and "blow.avi" show an identified minor from Wisconsin engaging in sexually explicit conduct, the video listed at paragraph 17(f) shows an identified minor from Germany engaging in sexually explicit conduct, and the video listed at paragraph 17(g) shows an identified minor from Poland engaging in sexually explicit conduct.

20.    Government witness and computer forensic expert Miller would further testify that she recovered a video file "21b.avi" on the C: drive of the Dell laptop computer at C:\Windows\xerxes\system\. Miller would testify that the file "21b.avi" was created on October 27, 2006, using a software that recorded a Yahoo! Instant Messenger communication between the screen names "joseph schmosef" and "guardsman21b" and also recorded the video that appeared on the desktop of the laptop during that communication. Miller would also explain that the video file "21b.avi" shows that during the Yahoo! Instant Messenger session, "joseph schmosef" sent the video file "blow.avi" to "guardsman21b." Miller would testify that "21b.avi" also shows "joseph schmosef" sending the video files "bath.avi," "g-rape.avi," "TMPbibcam-13 boy's Dad sneaks in for mutual JO session -sound.wmv" and also opening up these files and allowing them to play in their entirety. The parties stipulate and agree that proposed United States's Exhibit 2 is a true and correct copy of the video file "21b.avi" and that it is authentic and admissible under the Federal Rules of Evidence.

21.    Government witness and computer forensic expert Miller would testify that she analyzed the access dates and times for the video files on Defendant's Dell laptop, including the files listed in paragraphs 16 and 17, and found that several of these files were accessed on September 6, 2006, and several were accessed on October 27, 2006.

1  22.     Government witness Collom would testify that he conducted a search pursuant to a
2  warrant of Defendant's office, #210 at 2521 Channing Way, Berkeley, California, on October 30,
3  2006, which resulted in the discovery of an unmarked Sony CD-R, which was subsequently
4  labeled E45-5 for identification purposes. Collom would testify that this disk was seized and
5  placed into evidence. Government witness FBI Special Agent Lydia Durben would testify that
6  she took this disk into FBI custody. The parties stipulate and agree that there are no chain of
7  custody issues regarding this disk. Durben would testify that she reviewed the contents of this
8  disk, and that it contains an icon entitled "xerxes3.part1.rar, September 1, 2006." Durben would
9  testify that the icon contains a file entitled "xerxes2.rar," which requires an additional volume
10 "xerxes3.part2.rar" to open.
11 23.     Government witness Collom would testify that he conducted a search pursuant to a
12 warrant of Defendant's residence at 2625 School Street, Oakland, California on October 30,
13 2006. Collom would testify that during this search, officers recovered a CD marked "More
14 Bearshare 4-7-04" and "Drive Image" which was seized and placed into evidence. Government
15 witness Durben would testify that she took this disk into FBI custody. The parties stipulate and
16 agree that there are no chain of custody issues regarding this disk. Durben would testify that she
17 reviewed the contents of this disk, which has been labeled G-20.1.5 for identification purposes.
18 Durben would testify that the disk contained a folder entitled "Bearshare" which contains a text
19 file showing Eric Borgerson as a subscriber of the BearShare peer-to-peer file sharing program.
20
21 COUNT THREE: (18 U.S.C. § 2252A(a)(5)(B) - Possession of Child Pornography)
22 24.     If called to the witness stand, government witness Jason Collom, then a detective for the
23 University of California Police Department, would testify that on October 30, 2006, Defendant's
24 residence at 2625 School Street, Oakland, California was searched pursuant to a warrant.
25 Collom would testify that officers recovered six media disks that were subsequently labeled E-
26 19-1.1, E-19-1.2, G-20-1.1, G-20-1.2, G-20.1.3, G-21-1.1 for identification purposes, and that
27 these disks were seized and placed into evidence. Government witness FBI Special Agent Lydia
28 Durben would testify that she took these disk into FBI custody. The parties stipulate and agree

1 | that there are no chain of custody issues regarding these disks.
2 | 25.    If called to the witness stand at trial, Gene Faurie would testify that other than Defendant, he was the only occupant of the residence at 2625 School Street, Oakland, California. He would testify that the defendant has lived at the residence for fourteen years. Faurie would testify that he never downloaded or collected any child pornography, and any child pornography found in the residence was not his. He would testify that he did not possess the media disks listed in paragraph 24 or have any knowledge of their contents. Faurie would also testify that he never used Defendant's work Dell laptop and seldom used Defendant's home computers.
26.    Government witness Durben would testify that she reviewed the contents of the media disks listed in paragraph 24 and discovered the following:

    a) Disk E-19-1.2 contained videos entitled "dad 8 yo boy," "mb," "boy.kiddy.pedo.Little boys assfucking," "Gay Preteen - young boys cumming," "T-52605980-boy.kiddy.pedo.BOYPARTY - 3 boys - 5yo, 9yo, 10yo" and "TMPR@YGOLD pthc NEW - Vicky - CumChoke (1)." The parties stipulate and agree that proposed United States's Exhibit 4 contains a true and correct copy of these videos from disk E-19-1.2 and is authentic and admissible under the Federal Rules of Evidence.

    b) Disk G-20.1.2 contained videos entitled "092" and "005." Proposed United States's Exhibit 5 contains a forensic copy of these two video files from disk G-20.1.2. The parties stipulate and agree that proposed United States's Exhibit 5 contains a true and correct copy of these videos from disk G-20.1.2 and is authentic and admissible under the Federal Rules of Evidence.

    c) Disk G-20.1.3 contained a video entitled "TMPandina5_Qtmpg 5yo Mexican girl very loving dad (PTHC, pedo)." The parties stipulate and agree that proposed United States's Exhibit 6 contains a true and correct copy of this video from disk G-20.1.3 and is authentic and admissible under the Federal Rules of Evidence.

    d) Disk G-21.1.1 contained a video entitled "kp-00047 Orgi with pre-teen girl R@ygold underage kiddy chil." The parties stipulate and agree that proposed

...

1   United States's Exhibit 7 contains a true and correct copy of this video from disk
2   G-21.1.1 and is authentic and admissible under the Federal Rules of Evidence.
3   27. The parties stipulate and agree that all of the above-listed video files in paragraph 26
4   depict minors engaging in sexually explicit conduct, as the terms are defined in 18 U.S.C. §
5   2256. The parties further stipulate and agree that all of the above-listed video files have been
6   transported via computer. The parties stipulate and agree that the above-listed video files satisfy
7   the interstate nexus requirement, to wit:
8      a) "dad 8 yo boy" and "mb" are from an identified child pornography series called
9         "Dalmations" from Wisconsin;
10     b) "005" and "TMPR@YGOLD pthc NEW - Vicky - CumChoke (1)" are from an
11        identified child pornography series called "Vicky" from Washington;
12     c) "T-52605980-boy.kiddy.pedo.BOYPARTY - 3 boys - 5yo, 9yo, 10yo" is from an
13        identified child pornography series called "J&N" from Texas;
14     d) "boy.kiddy.pedo.Little boys assfucking" and "Gay Preteen - young boys
15        cumming" are from an identified child pornography series called "KDV" from
16        Russia;
17     e) "092" is from an identified child pornography series from Germany called
18        "Sucky";
19     f) "TMPandina5_Qtmpg 5yo Mexican girl very loving dad (PTHC, pedo)," is from
20        an identified child pornography series called "Andina" from Peru;
21     g) "kp-00047 Orgi with pre-teen girl R@ygold underage kiddy chil" is from an
22        identified child pornography series called "Blue Shirt Girl" from France.
23  28. Government witness Police Sergeant Karen Alberts of the University of California Police
24  Department would testify that on October 30, 2006, she interviewed Defendant regarding child
25  pornography that was discovered on his Dell laptop. Sergeant Alberts would testify that
26  Defendant admitted that he downloaded child pornography onto the laptop via peer-to-peer file
27  sharing on October 27, 2006, and had first downloaded child pornography several months
28  previously. The parties stipulate and agree that proposed United States's Exhibit 1 is a true and

correct copy of the recorded interview and is authentic and admissible under the Federal Rules of Evidence.

29. The parties stipulate and agree that, notwithstanding the organization of this stipulation, all evidence listed in this stipulation is relevant and admissible under the Federal Rules of Evidence to prove each of the three counts charged against the defendant, subject to Defendant's constitutional challenge, which he intends to pursue on appeal.

JURY WAIVER

31. Defendant hereby waives his right to a trial by jury in the above referenced case and agrees that the Court may be the trier of fact in this matter.

32. The United States, through undersigned counsel, hereby waives its right to a trial by jury in the above referenced case and agrees that the Court may be the trier of fact in this matter.

SO STIPULATED AND AGREED.

DATED: 6-4-08

ERIC MICHAEL BORGERSON
Defendant

DATED: 6/4/08

ANGELA MILELLA HANSEN
Attorney for Defendant

DATED: 6/4/08

MERRY JEAN CHAN
DENISE MARIE BARTON
Assistant United States Attorneys

11