1    BARRY J. PORTMAN
     Federal Public Defender
2    ANGELA M. HANSEN
     Assistant Federal Public Defender
3    555 - 12th Street, Suite 650
     Oakland, CA 94607-3627
4    Telephone:  (510) 637-3500

5    Counsel for ERIC BORGERSON

6

7
                    IN THE UNITED STATES DISTRICT COURT
8
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10
     UNITED STATES OF AMERICA,           )    No. CR-07-0472 CW
11                                        )
                    Plaintiff,            )    **DEFENDANT'S REQUEST TO**
12                                        )    **CONTINUE CURRENT TERMS AND**
     vs.                                  )    **CONDITIONS OF RELEASE**
13                                        )    **PURSUANT TO 18 U.S.C. § 3145** (c)
     ERIC BORGERSON,                      )
14                                        )    Date:   June 25, 2008
                    Defendant.            )    Time:   2:30 p.m.
15   _____ )

16       At the next Court appearance, it is likely Mr. Borgerson either will enter into a plea

17   agreement with the government or will be convicted by the Court following a stipulated-facts

18   bench trial.  Pursuant to sections 3143 and 3145 of Title 18 of the United States Code and *United*

19   *States v. Garcia*, 340 F.3d 1013 (9th Cir. 2003), Mr. Borgerson requests that the Court allow him

20   to continue to remain free on bond until he self-surrenders to serve any sentence imposed.

21                                   **BACKGROUND**

22       Mr. Borgerson is charged with possessing and distributing child pornography.  The

23   offense conduct occurred in October 2006 – almost 20 months ago.  Ten months later, even

24   though his attorney at the time contacted the United States Attorney's office and offered that Mr.

25   Borgerson would self-surrender to authorities, the FBI arrested him on July 23, 2007.

26       A detention hearing was held three days later, on July 26, 2007, before the Honorable

                                              1

1  Wayne D. Brazil.  After the hearing, Magistrate Judge Brazil ordered Mr. Borgerson released on

2  a $200,000 secured bond.  *See* Docket Entry # 5  Since his release last year, Mr. Borgerson has

3  been on continuous pretrial supervision and, as explained in more detail below, has been a model

4  supervisee.

5      Because he is neither a danger to the community nor a risk of flight, as has been

6  established by his exemplary behavior while on pretrial release, Mr. Borgerson asks that the

7  Court consider the Ninth Circuit's decision in *Garcia* and the exceptional circumstances

8  described below to allow him to remain free on bond until he is scheduled to self-surrender to

9  serve any sentence imposed.  In the alternative, Mr. Borgerson requests that the Court hold the

10  change of plea hearing or stipulated facts bench trial but delay officially accepting the actual

11  guilty plea or finding of guilt until sentencing.[1]

12                              **ARGUMENT**

13      After Mr. Borgerson changes his plea or is convicted by the Court, he will have sustained

14  a conviction for a crime of violence.  *See* 18 U.S.C. § 3156(a)(4)(C) (defining any felony offense

15  under Chapter110 (sexual exploitation of children) as a crime of violence).  According to 18

16  U.S.C. § 3143, detention is mandatory for those convicted of crimes of violence unless the court

17  finds by clear and convincing evidence that the person is not likely to flee or present a danger to

18  the community and there is "a substantial likelihood that a motion for acquittal or new trial will

19  be granted."  *See* 18 U.S.C. § 3143(a)(1) & (2).  Inability to satisfy the second requirement,

20  however, does not foreclose release.

21      An exception permits release of those defendants whose appeals are not likely to result in

22  a new trial if there are exceptional reasons why such person's detention would not be appropriate.

23

24      [1]Last month, in *United States v. Bernard Ward*, 07-CR-0602, Chief Judge Vaughn
   Walker delayed accepting the radio personality's plea until sentencing to allow Mr. Ward to
25  continue to remain free on bond.  *See United States v. Ward*, 07-CR-0602, Docket Entry #33.
   Mr. Ward and the government had agreed in the plea agreement that Mr. Ward would serve a 60-
26  month sentence.

1   *See Garcia*, 340 F.3d at 1018; *see also United States v. Jones*, 979 F.2d 804, 806 (10th Cir.

2   1992); *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992); *United States v. Carr*,

3   947 F.2d 1239, 1240 (5th Cir. 1991) (per curiam); *United States v. DiSomma*, 951 F.2d 494, 496

4   (2d Cir. 1991).  All of the above-cited court of appeal decisions address 18 U.S.C. § 3145(c),

5   which provides an exception to the mandatory detention requirement in section 3143(a):

6       [a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who
        meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be
7       ordered released, under appropriate conditions, by the judicial officer, if it is
        clearly shown that there are *exceptional reasons* why such person's detention
8       would not be appropriate.

9   18 U.S.C. § 3145(c)(emphasis added).

10      Section 3145(c) creates a two-step process.  First, the Court determines whether a

11  defendant, such as Mr. Borgerson, whose offense places him within the scope of § 3143(a)(2),

12  would otherwise satisfy the requirements for release under § 3143(a)(1).  Subsection (a)(1)

13  requires that Mr. Borgerson demonstrate by clear and convincing evidence that he is not likely to

14  flee or pose a danger to the safety of any other person or the community.  18 U.S.C. § 3143(a)(1).

15  Mr. Borgerson has been out of custody for almost two years and on federal pretrial supervision

16  for almost a year.  He has complied with all of the conditions of his release.  No credible

17  argument can be made that he is a danger to the community or a flight risk.  In fact, as recently as

18  May 28, 2008, Pretrial Services Officer Richard Sarlatte submitted a status report to Judge Brazil

19  noting that Mr. Borgerson has made "amazing" progress in therapy.  Pretrial Memorandum, at 2,

20  attached as Exhibit A (*citing* Dr. Steven Walch's assessment of his patient's progress).  Officer

21  Sarlatte also noted the impending change-of-plea hearing date and informed the Court that

22  Pretrial "does not believe that any changes to the defendant's conditions of release need to be

23  made by the Court at this time."  *Id.* at 3.

24      Second, the Court must evaluate whether there are "exceptional reasons" why it is not

25  appropriate to immediately remand Mr. Borgerson.  In this regard, the Ninth Circuit's decision in

26  *Garcia* provides this Court with the license it needs to allow Mr. Borgerson to remain free on

3

1  bond.  In *Garcia*, the court explained that "[b]y adopting the term 'exceptional reasons,' and

2  nothing more, Congress placed broad discretion in the district court to consider all the particular

3  circumstances of the case before it and draw upon its broad 'experience with the mainsprings of

4  human conduct.'"[2]  *Garcia*, 340 F.3d at 1018 (citation omitted).

5      The Court in *Garcia* went on to provide a non-exhaustive list of circumstances that might

6  qualify as "exceptional," one of which is particularly relevant to Mr. Borgerson.  *Garcia* suggests

7  that a case may be exceptional if, notwithstanding the fact that the defendant has been convicted

8  of a crime of violence, the defendant has no prior history of violence and does not appear to be

9  "the type of violent person for whom Congress intended the mandatory detention rule."  *Id.* at

10  1019.  In *United States v. Reboux*, __ F. Supp. 2d __, 2007 WL 4409801 (N.D.N.Y. Dec. 14,

11  2007), the district court permitted the defendant, who, like Mr. Borgerson, had been convicted of

12  a child pornography offense, to remain out of custody pursuant to § 3145(c), noting that although

13  child pornography "is labeled a 'crime of violence' for purposes of sentencing . . . , Defendant's

14  conduct was not violent.  He did not have sexual conduct with any child, nor did he attempt to

15  communicate with any child for illicit purposes.  Obtaining child pornography for private sexual

16  gratification, although wrongful, is not in and of itself an act of violence under any ordinary

17  definition of that term."  *Id.* at *2.  Like the defendant in *Reboux*, Mr. Borgerson has never

18  committed an act of violence, and there is no reason to think that his continued release would

19  endanger anyone.

20      Another circumstance suggested as exceptional in *Garcia* is a defendant who, like Mr.

21  Borgerson, has ongoing medical or psychological needs that would be disturbed by an immediate

22  remand.  *Garcia*, 340 F.3d at 1019-20.  The Court explained that the district court can consider

23  "the desirability of maintaining an uninterrupted course of treatment while a defendant remains

24

25

26      [2]Although *Garcia* concerned a defendant seeking bail pending appeal, the Court
emphasized that the principles it discussed were "equally applicable" to requests for release
pending execution of sentence.  *See Garcia*, 340 F.3d at 1015 n.2.

4

1  in the care of a particular physician who is providing individual medical supervision to the

2  patient." *Id.* This includes the consideration of mental as well as physical "well-being-risks."

3  *Id.*

4       Mr. Borgerson is under the care of Stephen Walch, Ph.D. Dr. Walch has been treating

5  Mr. Borgerson weekly for over 19 months, and he has extensive experience in treating and

6  assessing those charged with sex-related offenses such as child pornography possession and

7  distribution. Mr. Borgerson is also seeing a psychiatrist for depression and anxiety. Dr. Morey

8  Weingarten has been treating Mr. Borgerson on a monthly basis since February 2007. Dr.

9  Weingarten has prescribed Remeron and Effexor to treat Mr. Borgerson's depression and

10  anxiety. He has also prescribed Topomax, an anti-seizure medication, which helps further

11  alleviate Mr. Borgerson's anxiety.

12       Mr. Borgerson was addicted to methamphetamine at the time of the offense. Shortly after

13  the offense conduct, he voluntarily entered Merritt Peralta Institute and successfully completed

14  treatment there. After completing that phase of recovery, he began weekly drug after-care

15  sessions and 12-step group therapy sessions. To date, his treatment regimen can be summarized

16  as follows:

17  - weekly group after-care sessions at Merritt Peralta Institute;
    - daily 12-step group therapy sessions (5-6 times per week);
18  - weekly volunteer work as "secretary" or chairperson of 12-step group therapy sessions;
19  - weekly sessions with psychologist Steven M. Walch, Ph.D., of the Berkeley Therapy Institute, participating in rigorous
20    and consistent psychotherapy; and
    - monthly sessions with psychiatrist Morey A. Weingarten,
21      M.D., for treatment of depression and anxiety.

22       According to Dr. Walch, it is in Mr. Borgerson's best interest to continue in treatment:

23  "While Mr. Borgerson is currently behaving above expectations, the nature of his dual diagnosis

24  (both mental health and drug addiction) suggests remaining in treatment is necessary. I would

25  strongly advise he continue in his current treatment program as long as possible." Dr. Walch

26  Letter, Attached as Exhibit B. We therefore submit that early incarceration will impose greater

1  risks to Mr. Borgerson in light of mental health needs and that this circumstance provides

2  exceptional reasons for his continued release.  Although Mr. Borgerson will ultimately be

3  required to serve a prison sentence regardless of his mental or physical health, the Ninth Circuit

4  has recognized that "it may be unreasonable to force him to begin it" earlier than necessary.

5  *Garcia*, 340 F.3d 1020.

6         While the Ninth Circuit identified and discussed certain specific factors "[t]o illustrate

7  how the term 'exceptional reasons' may be applied," the Court was careful to note that it

8  "place[d] no limit on the range of matters the district court may consider," *id.* at 1019, and that

9  "the factors . . . mention[ed] here are by no means exclusive." *Id.* at 1021.  Importantly, the

10 Court emphasized that these circumstances may "alone or in combination with others" qualify a

11 defendant for relief under the statute.  *Id.* at 1019.  For Mr. Borgerson, as a convicted "sex

12 offender" he will likely be much more susceptible to abuse in prison, especially in the county jail

13 where he would be held pending sentencing.  *See, e.g., United States v. Parish*, 308 F.3d 1025,

14 1032 (9th Cir. 2002) (upholding district court's downward departures in possession of child

15 pornography case, including susceptibility for abuse in prison, in part, because, according to the

16 opinion of an expert on sex offenses, the nature of crime made it more likely that the defendant

17 would be in for "a difficult time").  If Mr. Borgerson were permitted to self-surrender to the

18 Bureau of Prisons, he would be more likely to be held with inmates convicted of similar crimes

19 and thus less susceptible to physical abuse.  Thus, Mr. Borgerson's susceptibility for abuse in

20 prison is an additional "exceptional reason" the Court may consider together with the other

21 circumstances discussed above.

22

23

24

25

26

**CONCLUSION**

Because Mr. Borgerson will have been convicted of an offense that qualifies as a "crime of violence," the decision whether to immediately remand him ordinarily would be governed by 18 U.S.C. § 3143(a)(2). However, by enacting 18 U.S.C. § 3145(c), Congress has authorized district courts to permit a defendant to remain out of custody and self-surrender, even where an immediate remand would otherwise be required. Mr. Borgerson has been in compliance with the conditions of his pretrial release since his release in July 2007 – almost a year ago. He is therefore not a flight risk or danger to the community. Additionally, under *Garcia*, all of the circumstances described above, particularly the strong recommendation from his treating psychologist that he remain in therapy, provide "exceptional reasons" for his continued release.

Dated: June 18, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

ANGELA M. HANSEN
Assistant Federal Public Defender

# Exhibit A

**To:** Honorable Wayne D. Brazil
U.S. Magistrate Judge

**From:** Richard Sarlatte
U.S. Pretrial Services Officer

**Subject:** **Borgerson, Eric**
**Docket No.: CR 07-00472 CW**
**60 Day Supervision Status Update**

**Date:** May 29, 2008

FEDERAL PUBLIC DEFENDER
RECEIVED

JUN 2 2008

**MEMORANDUM**

Your Honor:

The above named defendant initially appeared before Your Honor on July 23, 2007, charged in an Indictment with violations of Title 18, United States Code, Section 2252A(a)(2) - Distribution of Child Pornography; Title 18, United States Code, Section 2252A(a)(5)(B) - Possession of Child Pornography; and Title 18, United States Code, Section 2253 - Criminal Forfeiture.

On July 26, 2007, the defendant was released on a $200,000 property bond with the following special conditions of release:

1. The defendant's travel is restricted to the Northern District of California;
2. The defendant shall surrender his passport to the Court by July 26, 2007, and shall not apply for any other passports or travel documents;
3. The defendant shall not possess any firearms, destructive devices or other dangerous weapons;
4. The defendant shall participate in counseling and submit to random urinalysis as directed by U.S. Pretrial Services;
5. The defendant shall not consume alcohol and shall not use or possess any narcotic or other controlled substance without a legal medical prescription;
6. The defendant shall seek and maintain gainful employment and provide verification as directed by U.S. Pretrial Services;
7. The defendant shall not change residence without prior approval from U.S. Pretrial Services;
8. The defendant shall submit to a curfew as directed by U.S. Pretrial Services;
9. The defendant shall submit to electronic monitoring and contribute to its cost as directed by U.S. Pretrial Services;
10. The defendant shall not have access to any computers or access to the internet; and
11. The defendant shall not have any contact with minors unless their parents are present and/or you are accompanied by your aunt or cousin.

On October 10, 2007, the defendant appeared before Your Honor and his bond was amended allowing him to use a laptop computer for work purposes. His computer use included internet access and Pretrial Services was instructed to monitor his computer via software (Spectorsoft). Additionally, it was ordered that the defendant be allowed to use the dedicated terminals at the Alameda County Law Library in Oakland, California, to conduct legal research using Shepard's and Westlaw. It was determined that the computer terminal at the library did not have internet access and it was ordered that Mr. Borgerson not use any other computers or access the internet.

***DUE TO THE SENSITIVE NATURE OF THE INFORMATION CONTAINED IN THIS MEMORANDUM, IT SHOULD BE KEPT CONFIDENTIAL AND SHOULD NOT BE FILED IN ANY PUBLIC RECORDS (18 USC 3153)***

**Page 2 of 2**
**MEMORANDUM TO THE HONORABLE WAYNE D. BRAZIL, U.S. MAGISTRATE JUDGE**
**RE: BORGERSON, ERIC**                              **Docket No.: CR 07-00472 CW**

On March 10, 2008, the defendant appeared before Your Honor for a bail review hearing and his bond was modified to allow him to use ECF for a civil case in which he is representing his significant other, Gene Fauria. Additionally, the defendant's bond was amended to allow him to use email for work purposes.

The following is a status update of the defendant's supervision during the last 60 days.

**60 Day Supervision Status Update:**

The defendant remains on electronic monitoring and during the last 60 days this officer has received one alert as follows:

March 27, 2008:  Unauthorized Leave at 8:00pm.

A memorandum was completed and submitted to Your Honor on ????noting that the above alert was erroneous as the defendant's home was contacted at 8:14pm on the above date and he was present. Based on this erroneous alert, this officer swapped the defendant's EM equipment with newer equipment on March 31, 2008. Since March 31, 2008, Pretrial Services has not received any alerts regarding the defendant.

The defendant is allowed to leave his residence to attend narcotics anonymous meetings and therapy appointments on a weekly basis. Additionally, during the month of May, the defendant obtained employment working part time as an assistant to attorney Cynthia Cox at her law office in Oakland, California. This officer received confirmation of the above meetings and employment via paperwork submitted by the defendant on May 21, 2008.

Furthermore, on May 21, 2008, this officer spoke with the defendant's therapist, Dr. Stephen Walsh, who meets with Mr. Borgerson weekly. He confirmed that the defendant has been engaged in therapy since the onset of this case and he stated that he believes the defendant has shown "amazing" progress in therapy.

This officer has made personal contact with Mr. Borgerson at his home during the last 60 days, on March 31, May 1, and May 16, 2008. These visits did not identify any issues of concern regarding the defendant's behavior while on release. Additionally, it should be noted that during the above visits the defendant's laptop computer was reviewed by this officer. His computer use appears to be consistent with the Court's order as set on October 10, 2007, and March 10, 2008.

***DUE TO THE SENSITIVE NATURE OF THE INFORMATION CONTAINED IN THIS MEMORANDUM, IT SHOULD BE KEPT CONFIDENTIAL AND SHOULD NOT BE FILED IN ANY PUBLIC RECORDS (18 USC 3153)***

Page 3 of 3
MEMORANDUM TO THE HONORABLE WAYNE D. BRAZIL, U.S. MAGISTRATE JUDGE
RE: BORGERSON, ERIC                                    Docket No.: CR 07-00472 CW

Mr. Borgerson submitted negative urinalysis tests on March 31, and May 1, 2008.

A criminal record check completed on April 10, 2008, revealed no new arrests or contact with
law enforcement for the defendant.

Pretrial Services does not have any information to suggest that the defendant has violated the
terms and conditions of his release in the past 60 days.

The defendant's next scheduled court appearance is a Change of Plea hearing scheduled for June
25, 2008, before the Honorable Claudia Wilken, United States District Judge.

Based on the above information, the undersigned does not believe that any changes to the
defendant's conditions of release need to be made by the Court at this time.

This memorandum is submitted for Your Honor's information and review. If Your Honor has
any questions or concerns please feel free to contact the undersigned at (415)436-7508.

                                        Respectfully Submitted,

                                        Rich Sarlatte
                                        U.S. Pretrial Services Officer
                                        Electronic Monitoring Specialist

Reviewed by,

Silvio Lugo, Assistant Deputy Chief
United States Pretrial Services Officer

cc:          Honorable Claudia Wilken, United States District Judge
             John Paul Reichmuth, Defense Counsel
             Merry Jean Chan, Assistant United States Attorney

***DUE TO THE SENSITIVE NATURE OF THE INFORMATION CONTAINED IN THIS MEMORANDUM,
IT SHOULD BE KEPT CONFIDENTIAL AND SHOULD NOT BE FILED IN ANY PUBLIC RECORDS (18
USC 3153)***

# Exhibit B

June 16, 2008


Angela Hansen
Federal Public Defender
Northern District of California
555 – 12th Street, Suite 650
Oakland, CA 94607-3627

RE: Eric Borgerson


Dear Ms. Hansen:

The following letter addresses your concerns for Mr. Borgerson:

1) I am fully aware of the rash of pre-trial suicides of individuals accused of Internet child pornography. I do not believe Mr. Borgerson is a current suicidal risk. As I have stated previously, he has progressed significantly. He has remained clean and sober (17 months), attends daily 12-step meetings and is committed to his mental health treatment, i.e. responsibly taking his psychotropic medications and attending his individual psychotherapy. In other words, since his arrest Mr. Borgerson has taken full responsibility for his significant methamphetamine addiction and mental health problems.

2) Mr. Borgerson has fully cooperated in establishing a plan if he were to become suicidal. Mr. Rich Sarlot and I are in contact with one another and have agreed to procedures if either of us deems Mr. Borgerson at risk.

3) While Mr. Borgerson is currently behaving above expectations, the nature of his dual diagnosis (both mental health and drug addiction) suggests remaining in treatment is necessary. I would strongly advise he continue in his current treatment program as long as possible.


Sincerely,

Steven M. Walch, PhD
Senior Staff Psychologist, #PSY6063