JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

MERRY JEAN CHAN (CABN 229254)
DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorneys

  450 Golden Gate Ave., 11th Floor
  San Francisco, California 94102
  Telephone: (415) 436-6150
  Facsimile:  (415) 436-6470
  Email: merry.chan@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERIC MICHAEL BORGERSON, ) <br> ) <br> Defendant. ) <br> _____ ) | No.  CR 07-0472 CW <br><br> PLEA AGREEMENT |

  I, Eric Michael Borgerson, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written plea agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and (c)(1)(C) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

  1.   I agree to plead guilty to Count One of the captioned indictment charging me with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2).  I agree that the elements of the offense are as follows: (1) I knowingly distributed video files which I knew contained visual depictions of minors engaged in sexually explicit conduct; (2) I knew that the visual depictions contained in the video files were of minors engaged in sexually explicit

PLEA AGREEMENT

conduct; (3) I knew that production of such visual depictions involved use of minors in sexually explicit conduct; (4) each visual depiction that I distributed had been either transported in interstate or foreign commerce or produced using material that had been transported in interstate or foreign commerce by computer or other means

I agree that the applicable penalties are as follows:

| | | | |
|---|---|---|---|
| a. | Mandatory minimum prison sentence | | 5 years |
| b. | Maximum prison sentence | | 20 years |
| c. | Maximum fine | | $250,000 (or twice the value of the property involved in the transaction, whichever is greater) |
| d. | Minimum supervised release term | | 5 years |
| e. | Maximum supervised release term | | Life |
| f. | Mandatory special assessment | | $100 |
| g. | Restitution | | Determined By The Court |
| h. | Registration as sex offender | | |
| i. | Forfeiture | | |

I understand that the statute I have violated, 18 U.S.C. § 2252A(a)(2), subjects me to a mandatory minimum prison sentence of 5 years and a maximum prison sentence of 20 years, a fine of $250,000, and a term of supervised release no less than 5 years and up to a maximum of life.

2.  I agree that I am guilty of the offense to which I will plead guilty, and I agree that the following facts are true: On Friday, October 27, 2006, using my screen-name "joseph schmosef," I used the Dell laptop, Serial Number HPV9T01, issued to me by my employer, U.C. Berkeley, to send four video files containing child pornography through Yahoo! Instant Messenger to an individual using the screen-name "guardsman21b." At that time, I was located in California, and "guardsman21b" was located in New York. The files that I sent "guardsman21b" were blow.mpg, g-rape.zip, bath.avi, and TMPbibcam-13 boy's Dad sneaks in for mutual JO session-sound.wmv. Blow.mpg shows a prepubescent male under the age of 18 orally copulating an adult male. The minor shown in blow.mpg was born on September 1, 1994,

PLEA AGREEMENT                                2

and the video was made between 2002 and 2004 in Wisconsin. G-rape.zip contains a file, g-rape.avi, which shows an adult male committing penile penetration upon a prepubescent female under the age of 18. Bath.avi shows an adult male committing penile penetration upon a prepubescent female under the age of 18 in a bathtub. TMPbibcam- 13 boy's Dad sneaks in for mutual JO session-sound.wmv shows a male under the age of 18 masturbating. I had previously downloaded these files to the hard-drive of the Dell laptop using the Internet. As I sent these files to "guardsman21b," I opened them up to watch them. I knew that the video files contained visual depictions of minors engaged in sexually explicit conduct, and that production of these visual depictions involved use of minors in sexually explicit conduct. I agree that these video files traveled between different states. I recorded my actions using a software called Snaggit in a video file entitled 21b.avi, which I stored on the hard-drive of the Dell laptop.

3.   I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government and to future DNA testing of physical evidence in the government's possession; and to pursue any affirmative defenses and present evidence.

4.   I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.

5.   I agree to waive any right I may have to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

6.   I agree not to ask the Court to withdraw my guilty plea at any time after it is entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that the government may withdraw from this Agreement if the Court does not accept the agreed upon sentence set out below. I agree that if the Court does not accept the agreed upon

PLEA AGREEMENT                     3

sentence set out below, the statute of limitations shall be tolled from the date I signed the plea agreement until the date the Court does not accept the plea agreement.

7. I agree that my sentence should be calculated pursuant to the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also agree that the Sentencing Guidelines range will be calculated as follows:

    a. Base Offense Level, U.S.S.G. § 2G2.2(a)(2)    22

    b. Specific offense characteristics:

        Prepubescent minor, U.S.S.G. § 2G2.2(b)(2)    2

        Distribution, U.S.S.G. § 2G2.2(b)(3)(F)    2

        Sadistic conduct, U.S.S.G. § 2G2.2(b)(4)    4

        Computer, U.S.S.G. § 2G2.2(b)(6)    2

        600 or more images, U.S.S.G. § 2G2.2(b)(7)(D)    5

        Vulnerable victim, U.S.S.G. § 3A1.1(b)    2

    c. <u>Acceptance of Responsibility</u>:
If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.    -3

    d. Adjusted offense level:    36

8. I agree that a reasonable and appropriate disposition of this case, under the Sentencing Guidelines and 18 U.S.C. § 3553(a), is as follows: 78 to 151 months imprisonment, 10 years of supervised release with sex offender treatment to include standard physiological testing and drug treatment (with other conditions to be fixed by the Court), $50,000 fine, and $100 special assessment. I agree not to seek a sentence below 78 months. I agree that I will make a good faith effort to pay any fine, forfeiture or restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court, the government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give

PLEA AGREEMENT    4

depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at the time of sentencing. I agree that, regardless of any other provision in this Agreement, the government may and will provide to the Court and the Probation Office all information relevant to the charged offenses or the sentencing decision.

9. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in paragraphs 13 through 15 below, but I will not be released from my guilty plea. I agree to be remanded to the custody of the United States Marshal immediately upon completion of my guilty plea pursuant to 18 U.S.C. § 3143(a)(2).

10. I also agree to plead guilty to Count Four of the captioned indictment, providing for criminal forfeiture under 18 U.S.C. § 2253(a)(1) and (a)(3) of any images of child pornography or matter containing such visual depictions which satisfy the interstate nexus requirement, as well as any property, real or personal, used to commit Count One. I agree to forfeit my interest in the following property (hereinafter "subject property"):

    a.    Dell laptop, Serial Number HPV9T01;
    b.    Gateway laptop, Serial Number N6368F1004188;
    c.    Generic tan CPU seized from my residence, no serial number;
    d.    Compact Disk E-19-1.1;
    e.    Compact Disk E-19-1.2;
    f.    Compact Disk G-20-1.1;
    g.    Compact Disk G-20-1.2;
    h.    Compact Disk G-20.1.3;

PLEA AGREEMENT               5

   i. Compact Disk G-21-1.1

I admit that the subject property contains child pornography images which satisfy the interstate nexus requirement, and/or were used to commit Count One, to which I am pleading guilty, and are thus forfeitable to the United States pursuant to the provisions of 18 U.S.C. § 2253 and the procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853. I relinquish any and all right, title and interest I may have in the subject property and agree that such right, title and interest can be forfeited to the United States without further notice to me. I further agree not to assist any other individual in any effort to falsely contest their forfeiture. I further agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment and statute of limitations.

  I also agree to forfeit my interest in 293 computer disks seized from my residence which contain illegally downloaded files and pirated software and movies, and Compact Disk E45-5 which contains xerxes3.part1.rar.

  11. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

  12. I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

  13. The government agrees to move to dismiss any open charges pending against the defendant in the captioned indictment at the time of sentencing.

  14. The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned indictment.

  15. The government agrees to recommend a sentence of no higher than 151 months unless the defendant violates the Agreement or fails to accept responsibility, and that a sentence as set forth in paragraph 8 above is a reasonable and appropriate sentence in this case unless the defendant violates the Agreement or fails to accept responsibility.

PLEA AGREEMENT      6

<u>The Defendant's Affirmations</u>

16. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that she has provided me with all the legal advice that I requested.

17. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

18. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: _____

ERIC MICHAEL BORGERSON
Defendant

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: _____

MERRY JEAN CHAN
DENISE MARIE BARTON
Assistant United States Attorneys

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights he is giving up by pleading guilty, and, based on the information now known to me, his decision to plead guilty is knowing and voluntary.

Dated: _____

ANGELA MILELLA HANSEN
Attorney for Defendant

PLEA AGREEMENT            7